7 F.3d 1085
 Fed. Sec. L. Rep. P 97,798
Tuaha MIAN, Plaintiff-Appellant,
v.
DONALDSON, LUFKIN & JENRETTE SECURITIES CORPORATION, a
Delaware Corporation; Smith Barney, Harris Upham
& Co., Incorporated, Defendants-Appellees.
 No. 23, Docket 92-9166.
 United States Court of Appeals,
Second Circuit.
 Argued Sept. 21, 1993.
Decided Oct. 18, 1993.
 
 Tuaha Mian, pro se, plaintiff-appellant.
 David J. Libowsky, New York City (Brian F. Amery, Charlene C. McHugh, Bressler, Amery & Rothenberg, of counsel), for defendant-appellee Donaldson Lufkin & Jenrette Securities Corp.
 Edward G. Turan, New York City (Joan Guggenheimer, Gen. Counsel's Office, on the brief), for defendant-appellee Smith Barney, Harris Upham & Co., Inc.
 Before: VAN GRAAFEILAND, PRATT, and WALKER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Mian filed the present action on June 1, 1992 in the United States District Court for the Southern District of New York (Louis L. Stanton, Judge ). The complaint names as defendants Donaldson, Lufkin & Jenrette Securities Corporation and Smith Barney, Harris Upham & Co., Inc. Mian seeks $11,026,449 in actual damages and $110,000,000 in punitive damages as well as costs and disbursements. Mian complains that defendants impermissibly discriminated against him because of his race during the course of an arbitration proceeding pertaining to the handling of Mian's securities accounts by the defendants. In his complaint, Mian alleges that defendants used "race based discrimination, fraud, deception, professional misconduct and intentional conspiracy" to deprive him of the equal protection of the law in violation of 42 U.S.C. §§ 1981, 1985(3), and 1986.
 
 
 2
 Defendants moved for dismissal for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). On September 28, 1992, the district court granted the motion and dismissed Mian's complaint against both defendants. The district court's memorandum order is somewhat ambiguous as to the basis for dismissal. In a Memorandum Endorsement, the district court stated that Mian had failed to move within the statutory three-month period to vacate the arbitration award, see 9 U.S.C. §§ 10 and 12, and that Mian "cannot obtain the same result by collateral attack." (citing Corey v. New York Stock Exchange, 691 F.2d 1205 (6th Cir.1982)). The Endorsement then concludes, however, that the complaint fails to state a claim upon which relief can be granted.
 
 
 3
 The procedures established by 9 U.S.C. §§ 10 and 12 are normally the exclusive remedy to challenge the results of an arbitration proceeding. See Corey, 691 F.2d at 1205. However, Mian's failure to move to vacate the arbitration award within the time prescribed by 9 U.S.C. § 12 does not prevent him from seeking to recover damages for alleged civil rights violations that occurred during the arbitration proceeding itself. As the Supreme Court has stated recently:
 
 
 4
 [Section 1981] embraces protection of a legal process, and of a right of access to legal process, that will address and resolve contract-law claims without regard to race. In this respect, it prohibits discrimination that infects the legal process in ways that prevent one from enforcing contract rights, by reason of his or her race, [and it] covers wholly private efforts to impede access to the courts or obstruct nonjudicial methods of adjudicating disputes about the force of binding obligations, as well as discrimination by private parties ... in enforcing the terms of a contract.
 
 
 5
 Patterson v. McLean Credit Union, 491 U.S. 164, 177, 109 S.Ct. 2363, 2373, 105 L.Ed.2d 132 (1989). See also, Prather v. Dayton Power & Light Co., No. C-3-85-491, 1989 WL 103737, at * 4, 1989 U.S.Dist. LEXIS 10734, at * 10 (S.D.Ohio Aug. 14, 1989) (pointing out that allegations of deliberate presentation of perjured testimony in arbitration proceeding would state a claim under § 1981), aff'd, 918 F.2d 1255 (6th Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 2889, 115 L.Ed.2d 1054 (1991).
 
 
 6
 The fact that a major component of the damages sought would consist of the amount of the arbitration award--if the plaintiff can prove that but for the discrimination, the arbitrators would have ruled in his favor--does not mean that Mian's suit is one to challenge the award within the meaning of § 10 of the Federal Arbitration Act. Although we do not consider the issue to be free of all doubt, and until the Supreme Court tells us otherwise, we think that Mian is free to bring his civil rights action within the applicable limitations period for his civil rights actions unaffected by the limitations period under the Federal Arbitration Act. Under §§ 1981 and 1985, a three-year limitations period is applicable, see, e.g., Ortiz v. Morgenthau, 772 F.Supp. 1430, 1432 (S.D.N.Y.1991), aff'd, 962 F.2d 4 (2d Cir.1992), and § 1986 by its own terms provides for a one-year limitations period. As the arbitration panel issued its final decision on June 11, 1991, and Mian filed his complaint on June 1, 1992, Mian's claims all appear to be timely.
 
 
 7
 This leaves the question whether Mian's pleading was sufficient to state a claim under Fed.R.Civ.P. 12(b). We think that Mian's initial complaint, at issue here, fails to adequately plead the essential elements of his causes of action. However, we think the district court should not have dismissed Mian's complaint with prejudice, but should have given him the opportunity to amend his complaint in light of the policy to liberally construe civil rights complaints, see Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, --- U.S. ----, ----, 113 S.Ct. 1160, 1162-63, 122 L.Ed.2d 517 (1993), and especially because this complaint was filed by a pro se plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (per curiam); see also Branum v. Clark, 927 F.2d 698, 705 (2d Cir.1991) ("Certainly the court should not dismiss without leave to amend once when a liberal reading of the complaint gives any indication that a valid claim might be stated.").
 
 
 8
 To establish a claim under § 1981, a plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.). See, e.g., Baker v. McDonald's Corp., 686 F.Supp. 1474, 1481 (S.D.Fla.1987), aff'd 865 F.2d 1272 (11th Cir.1988), cert. denied, 493 U.S. 812, 110 S.Ct. 57, 107 L.Ed.2d 25 (1989).
 
 
 9
 The four elements of a § 1985(3) claim are: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right of a citizen of the United States. United Bhd. of Carpenters, Local 610 v. Scott, 463 U.S. 825, 828-29, 103 S.Ct. 3352, 3356, 77 L.Ed.2d 1049 (1983). Furthermore, the conspiracy must also be motivated by "some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." Id. at 829, 103 S.Ct. at 3356.
 
 
 10
 Finally, § 1986 provides a cause of action against anyone who "having knowledge that any of the wrongs conspired to be done and mentioned in section 1985 are about to be committed and having power to prevent or aid, neglects to do so." Katz v. Morgenthau, 709 F.Supp. 1219, 1236 (S.D.N.Y.), aff'd in part and rev'd in part on other grounds, 892 F.2d 20 (2d Cir.1989). Thus, a § 1986 claim must be predicated upon a valid § 1985 claim. See Dacey v. Dorsey, 568 F.2d 275, 277 (2d Cir.), cert. denied, 436 U.S. 906, 98 S.Ct. 2238, 56 L.Ed.2d 405 (1978).
 
 
 11
 We emphasize that an essential element to each cause of action is a requirement that the alleged discrimination took place because of the individual's race. At this point, Mian's complaint fails to offer more than conclusory allegations that he was discriminated against because of his race. See Mazurek v. Wolcott Bd. of Educ., 815 F.Supp. 71, 77 (D.Conn.1993) ("It is well established that mere conclusory allegations are insufficient to establish a cause of action for a violation of civil rights."). However, since we cannot say that this pro se plaintiff is incapable of alleging sufficient facts and circumstances to meet this requirement, we think the wiser course is to vacate the district court's dismissal of Mian's complaint and remand with instructions to give Mian the opportunity to amend his complaint in accordance with this opinion.