141 F.3d 1183
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Patricia L. WOODS, Plaintiff-Appellant,
v.
The WRIGHT INSTITUTE, a nonprofit California corporation;
Peter Dybwad; Andrea Morrison; Mindy Myers;
Veronique Thompson, Defendants-Appellees.
 No. 96-16811.
DC No. CV 95 1054 SBA.
 United States Court of Appeals,
Ninth Circuit.
 .
Argued and Submitted Nov. 5, 1997.
Decided March 24, 1998.
 
 Appeal from the United States District Court Northern District of California Saundra Brown Armstrong, District Judge, Presiding.
 Before WOOD,** RYMER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Patricia Woods appeals the district court's grant of summary judgment to The Wright Institute ("TWI"), a graduate school in psychology, and various TWI employees. Woods alleged that TWI denied her admission to its graduate program in psychology on account of her race in violation of 42 U.S.C. §§ 1981 and 2000d, Cal. Const., art. I, § 8, and Cal.Civ.Code § 51. Woods also appeals the court's denial of her request for a continuance of the summary judgment hearing.[1]
 
 
 3
 The district court concluded that Woods lacked standing and that she had failed to raise a genuine issue of fact regarding her substantive discrimination claims. There is some question as to whether the standing doctrine invoked by the disstrict court applies under the facts of this case, but we do not need to address that issue because we affirm on the merits. We may affirm the grant of summary judgment on any ground supported by the record. USA Petroleum Co. v. Atlantic Richfield Co., 13 F.3d 1276, 1279 (9th Cir.1994).
 
 A. Discrimination Claims
 
 4
 Racial discrimination claims under sections 1981 and 2000d (Title VI of the Civil Rights Act of 1964) have been analyzed under the shifting burden of proof scheme applied in Title VII cases. See Larry P. by Lucille P. v. Riles, 793 F.2d 969, 981-82 (9th Cir.1984); Gay v. Waiters' and Dairy Lunchmen's Union, 694 F.2d 531, 537-39 (9th Cir.1982). Woods must show that TWI impermissibly discriminated against her on account of her race, or that race was a factor in TWI's decision to reject her. See Johnson v. Transportation Agency, 480 U.S. 616, 626, 107 S.Ct. 1442, 94 L.Ed.2d 615 (1987); Fobbs v. Holy Cross Health Sys. Corp., 29 F.3d 1439, 1447 (9th Cir.1994) (plaintiff must allege that "the entity involved is engaging in racial discrimination"); Mian v. Donaldson, Lufkin & Jenrette Secs. Corp., 7 F.3d 1085, 1087 (2d Cir.1993) (under § 1981, a plaintiff must allege "an intent to discriminate on the basis of race by the defendant"). The burden then shifts to TWI to show that the same result would have been reached without the impermissible consideration. See Village of Arlington Heights v. Metropolitan Hous. Dev. Corp., 429 U.S. 252, 270 n. 21, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977); Gilligan v. Department of Labor, 81 F.3d 835, 838 (9th Cir.1996). If a nondiscriminatory rationale for TWI's decision is articulated, Woods must come forward with evidence that the rationale is pretextual. Id., 81 F.3d at 838.
 
 
 5
 Woods has failed to adduce any evidence that would preclude the grant of summary judgment. The evidence clearly shows that she was denied admission not on the basis of race but because she was not a good match for TWI's program. The two students who independently evaluated Woods' application and the professor who subsequently interviewed her all named similar concerns in their recommendations not to admit Woods: her narrow interest in areas of study not offered by TWI, negative or inappropriate comments in her recommendation letters, and attributes revealed by her application and interview raising the question of whether she possessed relevant clinical skills. None of Woods' many allegations raise any issue of material fact that would support her claim that race was a factor in TWI's decision to reject her application.
 
 
 6
 TWI's reliance on both subjective and objective criteria in its admission process does not support Woods' claim of discrimination, for, "[t]he nonexclusive use of subjective criteria in the educational setting ... is clearly a permissible means of determining admissibility of students." Pushkin v. Regents of the Univ. of Colo., 504 F.Supp. 1292, 1298 (D.Colo.1981), aff'd, 658 F.2d 1372 (10th Cir.1981); cf. Regents of the Univ. of Cal. v. Bakke, 438 U.S. 265, 274, 98 S.Ct. 2733, 57 L.Ed.2d 750 (1978) (criteria for admission included interviewers' summaries, GPA, letters of recommendation, extracurricular activities, and "other biographical data"). Moreover, while Woods contends that her excellent academic record and many life achievements render her qualified for admission, it was not inappropriate for TWI to consider other factors, such as whether Woods was interested in areas of study offered by the school and whether her recommendation letters revealed qualities appropriate for a clinical psychology program. These considerations in no way support a claim of discrimination.
 
 
 7
 Woods argues that the reasons given for her rejection are pretextual, offering as proof that the students who evaluated her application were Caucasian and Asian, and that there was racial tension on the campus of TWI. TWI does not dispute these assertions. However, Woods fails to make any argument or offer any evidence to show how either of these factors had an impact on her application. The district court did not err in granting summary judgment to TWI.
 
 B. Denial of Continuance
 
 8
 Woods alleges that the district court abused its discretion in denying her request for a continuance of the summary judgment hearing under Fed.R.Civ.P. 56(f).
 
 
 9
 In this circuit, a party moving under Rule 56(f) for further discovery must show that it diligently pursued its previous discovery opportunities and show how additional discovery would have precluded summary judgment. See Conkle v. Jeong, 73 F.3d 909, 914 (9th Cir.1995), cert. denied, --- U.S. ----, 117 S.Ct. 56, 136 L.Ed.2d 19 (1996).
 
 
 10
 Woods filed suit in March of 1995. As of May 22, 1996, she was on notice that TWI's summary judgment motion was set for hearing on July 30, yet there is no indication that she ever deposed any of the defendants, despite a series of letters from TWI's counsel making them available for depositions. Cf. Hauser v. Farrell, 14 F.3d 1338, 1340-41 (9th Cir.1994) (finding no abuse of discretion in denying a 56(f) motion where plaintiffs "offered no reason" for not deposing someone "during the 27 months from the date the lawsuit was filed to the close of discovery.").
 
 
 11
 Furthermore, in her opposition to summary judgment, Woods did not discuss any need for further discovery, nor how further discovery would support her opposition. Nor does she present any argument on appeal of how additional discovery would uncover specific facts that would preclude summary judgment. She argues that "additional discovery will show that there are additional problems and major discrepancies in the way that the student readers performed their duties, including the possibility of latent racial bias." Appellant's Opening Br. at 37. However, "[s]omething more than a fanciful allegation is required to justify denying a motion for summary judgment.... A 'bare assertion' that the evidence supporting a plaintiff's allegation is in the hands of the defendant is insufficient to justify a denial of a motion for summary judgment under Rule 56(f)." Contemporary Mission, Inc. v. United States Postal Serv., 648 F.3d 97, 107 (2d Cir.1981). Woods' statement that "there is no doubt further evidence favorable to appellant in TWI's files" is insufficient to meet her burden. See Conkle, 73 F.3d at 914 ("The burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists.") (internal quotations omitted). Woods has had the opportunity to conduct discovery, and she has failed to put forth sufficient facts to show that further discovery would have precluded summary judgment. The district court did not abuse its discretion in denying Woods' request for a Rule 56(f) continuance.
 
 
 12
 The judgment of the district court is AFFIRMED.
 
 
 
 **
 The Honorable Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 As the parties are familiar with the facts, we do not repeat them here, except as necessary to understand this disposition