Diane CLARK, Plaintiff,

v.

The TOWN OF TICONDEROGA; Ticonderoga Town Police Department; Jeff Cook, Chief of Ticonderoga Police Department; James Lapierre, Officer of the Ticonderoga Police Department; Randy Bevins, Officer of the Ticonderoga Police Department; R. Stephen Yaw, Officer of the Ticonderoga Police Department; Dan Charlton, Officer of the Ticonderoga Police Department, Defendants.

No. 01–CV–1168.

United States District Court,
N.D. New York.

July 23, 2002.

Gregory Daniel LaDuke, Lake Placid, NY, for plaintiff.

Samuel Hoar, Jr., Dinse, Knapp Law Firm, Burlington, VT, for defendants.

KAHN, District Judge.

## I. BACKGROUND

On July 20, 1999, Plaintiff asked the defendant Ticonderoga Police Department ("Police Department") to aid her in removing herself and three minor children from the residence she shared with her husband, Edward Clark ("Clark"), and relocating to the residence of Anne DuRoss ("DuRoss"). Plaintiff told the Police Department that she was afraid Clark would try to kill her because she was leaving their home and had filed a domestic violence report against Clark. On July 23, 1999, Clark arrived at the DuRoss residence and verbally and physically abused Plaintiff. Unnamed officers from the Police Department were called to the DuRoss residence and Clark was charged with Harassment in the Second Degree.

An Order of Protection prohibiting Clark from being in or around Plaintiff's current residence and place of employment was issued on July 26, 1999. Plaintiff claims that defendant Officer Yaw presented the Order of Protection to her and also told her that the Police Department was aware that Clark was dangerous and would consequently "keep an eye" on her.

Several days later, on July 31, 1999, Clark confronted Plaintiff at her place of employment, in violation of the Order of Protection, and again physically and verbally abused Plaintiff. Clark then followed Plaintiff to the DuRoss residence and hid in the backyard while Plaintiff contacted the Police Department. When defendant Officers LaPierre and Bivens arrived at the DuRoss residence, Plaintiff was describing the evenings events when Clark approached the Officers and Plaintiff and again verbally abused Plaintiff. Officer LaPierre informed Clark that his actions were in violation of the Order of Protection and called for back-up. Officer LaPierre asked Plaintiff if she wanted Clark arrested and Plaintiff claims she replied affirmatively. Apparently, the only crime with which Clark was charged on the evening of July 31, 1999 was a misdemeanor violation of the Order of Protection, and he was not detained in jail that night.

On August 7, 1999, Clark forcibly entered the residence at which Plaintiff was staying and physically attacked Plaintiff with a hunting knife in the presence of her three minor children. Although Clark stabbed Plaintiff repeatedly, she was able to place a call to the defendant Police Department by dialing the "911" emergency service. Plaintiff was then taken to a Vermont hospital where she underwent surgery to repair her vertebrae, stomach, intestines, colon and other internal organs. Following the attack, Clark escaped into the woods surrounding the residence and subsequently committed suicide.

Plaintiff initiated this action against Defendants alleging a pattern of discriminatory treatment of women who are victims of domestic violence in violation of the equal protection and due process clauses of the Fourteenth Amendment. Presently before this Court is Defendants' motion to dismiss Plaintiff's complaint pursuant to Fed. R.Civ.P. 12(b)(6).

## II. DISCUSSION

### A. *Standard of Review*

A motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6) must be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In assessing the sufficiency of a pleading, "all factual allegations in the complaint must be taken as true," *LaBounty v. Adler*, 933 F.2d 121, 123 (2d Cir.1991), and all reasonable inferences must be construed in favor of the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Bankers Trust Co. v. Rhoades*, 859 F.2d 1096, 1099 (2d Cir.1988).

> [C]onsideration is limited to the factual allegations in [the] complaint, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.

*Brass v. American Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir.1993).

The Rules do not require the plaintiff to set out in detail the facts upon which the claim is based, but only that a defendant be given "fair notice of what the claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Individual allegations, however, that are so baldly conclusory that they fail to give notice of the basic events and circumstances of which the plaintiff complains are meaningless as a practical matter and, as a matter of law, insufficient to state a claim. *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir.1987).

It is with this standard in mind that the Court addresses the issues presented.

### B. *Plaintiff's Claims*

#### 1. *Plaintiff's 42 U.S.C. §§ 1985, 1986 Claims*

██ To state a claim under Section 1985, a plaintiff must show: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right of a citizen of the United States." *Mian v. Donaldson, Lufkin, & Jenrette Securities Corp.*, 7 F.3d 1085, 1087 (2d Cir.1993). A conspiracy is an agreement between at least two individuals, where the individuals act in furtherance of the objective of the conspiracy, and each individual has knowledge of the nature and scope of the conspiracy. *Dove v. Fordham Univ.*, 56 F.Supp.2d 330, 337 (S.D.N.Y.1999). A constitutional conspiracy claim must be pled with at least some degree of particularity and offer more than vague or conclusory allegations. *See Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir.1997); *Laverpool v. New York City Transit Authority*, 760 F.Supp. 1046, 1056 (E.D.N.Y.1991).

██ Plaintiff bases her Section 1985 claim on the "pattern of deliberate indifference" to herself and other victims of domestic violence allegedly exhibited by the Police Department. Complaint ¶ 66. Plaintiff has failed to articulate a claim for conspiracy beyond simply stating that Defendants have violated Section 1985. Even when the Complaint is read broadly in favor of Plaintiff, there is no language that can be read to support the bald conclusion that Defendants violated Plaintiff's rights under Section 1985. Therefore, Defendants' motion to dismiss Plaintiff's Section 1985 claim is granted.

Section 1986 provides a cause of action against anyone who has the knowledge of any wrongs mentioned in Section 1985, and the power to prevent such wrongs, but fails to intervene. 42 U.S.C. § 1986. A Section 1986 claim must be based on a valid Section 1985 claim. *See Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.,* 7 F.3d 1085, 1088 (2d Cir.1993). Plaintiff has not stated a valid Section 1985 claim; therefore the Section 1986 claim must also be dismissed.

### 2. Plaintiff's Fifth Amendment and Ninth Amendment Claims

 Defendants correctly point out that Plaintiff has not made an allegation that any defendant was a federal actor, nor has Plaintiff sued a federal actor. The Fifth Amendment does not protect citizens from state action, rather it protects citizens from federal action. *See Feldman v. United States,* 322 U.S. 487, 490, 64 S.Ct. 1082, 88 L.Ed. 1408 (1943). Likewise, the Ninth Amendment does not apply to state action. *See Livingston v. Moore,* 32 U.S. 469, 551–52, 7 Pet. 469, 8 L.Ed. 751 (1833); *see also Griswold v. Connecticut,* 381 U.S. 479, 493, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965) (Goldberg, J. concurring) ("While the Ninth Amendment—and indeed the entire Bill of Rights—originally concerned restrictions upon federal power, the subsequently enacted Fourteenth Amendment prohibits the States as well from abridging fundamental personal liberties.") *Id.* Plaintiff has not identified any defendant acting under federal authority in the complaint, therefore any Fifth or Ninth Amendment claim included in the complaint is dismissed against the named defendants.

### 3. Plaintiff's Fourteenth Amendment Claim

Plaintiff alleges there is an administrative classification of crime victims in the Town of Ticonderoga. Complaint ¶ 64.

Plaintiff alleges that the Police Department's failure to implement the laws and procedures of the state was due to the implied administrative classification of crime victims in the Town which manifests a discriminatory treatment of women who are victims of domestic violence. Relying on *Thurman v. City of Torrington,* 595 F.Supp. 1521 (D.Conn.1984), for support, Plaintiff contends that the Equal Protection Clause of the U.S. Constitution applies to circumstances in which women who complain of having been abused by their husbands are not afforded adequate and equal police protection. Plaintiff also alleges a violation of her Due Process rights as guaranteed by the Fourteenth Amendment.

Defendants argue that Plaintiff has not stated a Fourteenth Amendment cause of action for either Due Process or Equal Protection. Rather, Defendants argue that Plaintiff is merely disputing decisions made within the confines of prosecutorial discretion. Defendants base this argument on the paragraphs in the complaint that allege that Ed Clark was not charged with certain crimes he allegedly committed.

 The Equal Protection Clause applies to discriminatory governmental action in the administration and enforcement of the law. *See Yick Wo v. Hopkins,* 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886). Here Plaintiff alleges that as a victim of domestic violence, she was continually threatened and harassed by her husband, Ed Clark, throughout the summer of 1999. While portions of the Complaint may raise concerns over whether Ed Clark was properly prosecuted for the crimes he allegedly committed, Plaintiff further alleges that the Defendants maintained a policy or custom of not properly investigating complaints of domestic violence victims. Plaintiff also alleges that Defendants are

guilty of discriminatory application of the law because they prosecute domestic violence offenders differently than other alleged criminals.

The complaint must be read as a whole and is to be construed in the light most favorable to the plaintiff on a motion to dismiss. *See LaBounty v. Adler*, 933 F.2d 121, 123 (2d Cir.1991); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). While Defendants argue that Plaintiff has not alleged that any perceived discrimination was intentional, a liberal reading of the complaint provides sufficient factual allegations which could lead a fact finder to infer intent on the part of the defendants. *See Dwares v. City of New York*, 985 F.2d 94, 99 (2d Cir.1993). Plaintiff has satisfied the pleading requirements required to survive a motion to dismiss.

Defendants' motion to dismiss Plaintiff's claims under 42 U.S.C. §§ 1985, 1986, as well as Plaintiff's claims under the Fifth and Ninth Amendment, is granted. Defendants' motion to dismiss Plaintiff's Fourteenth Amendment claims is denied.

For the reasons stated above, it is hereby:

ORDERED that Defendants' motion to dismiss Plaintiff's claims is GRANTED in part and DENIED in part as detailed above; and it is further

ORDERED that the Clerk of the Court shall serve copies of this order by regular mail upon the parties to this action.

IT IS SO ORDERED.