

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-9-2006

# Koger v. Kaplan Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3702

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Koger v. Kaplan Inc" (2006). *2006 Decisions*. Paper 1607.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1607

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3702
_____

TODD ELLIOTT KOGER,
                    Appellant

v.

KAPLAN, INC.; KAPLAN HIGHER EDUCATION, INC.;
CONCORD SCHOOL OF LAW; CASSANDRA COLCHAGOFF;
JACK R. GOETZ
_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 03-cv-01400)
District Judge: Honorable Judge David S. Cercone
_____

Submitted Under Third Circuit LAR 34.1(a)
FEBRUARY 8, 2006
Before:   FISHER, ALDISERT AND WEIS, Circuit Judges.
(Filed: February 9, 2006)

_____

OPINION
_____

PER CURIAM.

        Appellant, Todd Elliot Koger, appeals from an order entered by the United

States District Court for the Western District of Pennsylvania dismissing his complaint.

We have jurisdiction over the instant appeal pursuant to 28 U.S.C. § 1291, and exercise

1

plenary review over a District Court's order granting a motion to dismiss a complaint and for summary judgment. See Debiec v. Cabot Corp., 352 F.3d 117, 128 n.3 (3d Cir. 2003); Broselow v. Fisher, 319 F.3d 605, 607 (3d Cir. 2003). The District Court's discovery orders are reviewed for an abuse of discretion. Holmes v. Pension Plan of Bethlehem Steel Corp., 213 F.3d 124, 138 (3d Cir. 2000). After careful review of the record and for essentially the same reasons as those set forth by the District Court, we will affirm its entry of judgment in favor of the appellees.

The facts and procedural history of this case are well known to the parties, and thus need not be restated in great detail here. Basically, it appears that Koger filed the underlying action seeking injunctive and declaratory relief in an attempt to overcome his suspension from an online law school program operated by Concord School of Law ("Concord"), an unincorporated division of Kaplan, Inc. As alleged in his amended complaint, Koger discovered during his brief period of attendance in Concord's online study program that he had not been notified of or offered the "group chat" component of an evidence course that he was taking. Koger also believed that he did not have regular access to or interaction with other third and fourth year students, and that he was improperly denied test scores and, ultimately, credit for his 2001 academic year. Koger consequently posted messages on the online student bulletin board questioning certain of Concord's actions as they pertained to him. He also made attempts to notify other students of what he believed to be inaccurate examination results and upper level enrollment statistics. Koger further contacted the Associate Dean, Cassandra Colchagoff,

2

and accused the school of engaging in fraud and misrepresentation. Koger was eventually suspended from Concord's online law study program.

After unsuccessfully filing an action alleging race-based claims of discrimination with the United States Department of Education's Office of Civil Rights, and other challenges regarding Concord's online compliance with the Bureau of Private Post Secondary and Vocational Education and the Accrediting Commission of the Distant Education and Training Council, Koger sought recourse in the District Court claiming, inter alia, that the suspension violated his First Amendment rights, denied him due process, constituted race discrimination and amounted to various forms of tortuous conduct under state law.

In an order entered on May 17, 2004, the District Court dismissed Koger's claims against Kaplan Higher Education, Inc., having concluded that this defendant was a separate incorporated subsidiary of Kaplan, Inc., which was not involved in any way with the operation of Concord or any of its programs, and that appellant failed to allege any allegation of fact against Kaplan Higher Education, Inc., or any basis for respondeat superior liability. The District Court further concluded that Koger failed to identify any defendant or any action by any defendant that could be construed as an action taken under color of state law as required by 42 U.S.C. § 1983. Koger's attempts to invoke § 1985(3) were likewise found to be meritless as his allegations failed to identify any conspiratorial agreement or even any entities or individuals that could enter into an agreement to deprive him of equal protection of the law. According to the District Court, even when

3

given the most liberal construction possible, Koger's allegations simply failed to identify anything more than a single decision by a single corporate entity. Because a § 1986 claim is, by definition, dependent on a pre-existing violation of § 1985(3), that claim failed as well. See Rogin v. Bensalem Township, 616 F.2d 680, 696 (3d Cir. 1980). Appellant's state law claims were dismissed for a variety of reasons, including Koger's failure to comply with Fed. R. Civ. P. 9(b), and the District Court's unwillingness to exercise its supplemental jurisdiction under 28 U.S.C. § 1367.

That left for consideration Koger's claim brought pursuant to § 1981.[1] Although the District Court determined that Koger had sufficiently alleged two of the three general elements of a § 1981 claim (i.e., being a member of a racial minority and an act of discrimination concerning one or more of the activities listed in the statute), see Main v. Donaldson, Lufkin & Genrette Securities Corp., 7 F.3d 1085, 1087 (2d Cir. 1993), the court found his allegations concerning the existence of an intent to discriminate on the basis of race to be self-serving, tenuous and conclusory. Accordingly, the court advised the parties that it would convert defendants' motion to dismiss into one for summary judgment on the remaining § 1981 claim against Kaplan, Inc., and permit a brief period of discovery. Given certain of appellant's past and present litigation tactics, the court advised Koger that he was required to obtain advanced authorization for all

---

[1] We note that Koger withdrew all claims against the individual defendants Goetz and Colchagoff.

4

discovery requests.[2] The District Court thereafter denied what it characterized as voluminous and burdensome discovery requests made by Koger that either did not pertain to the remaining cause of action or pertained to claims that had previously been dismissed, and moved forward with consideration of the parties' motions for summary judgment.

After having determined that Kaplan, Inc. proffered a legitimate explanation for the circumstances and adverse actions taken against Koger (i.e., he did not receive a schedule for chats for his evidence course because of his system classification as a second year student, he failed to receive passing grades in courses totaling the minimum required number of study and preparation hours, and his electronic communications were found to be in violation of the law school's policy on the responsible use of electronic communications by students), the District Court concluded that under the burden-shifting test established by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), Koger failed to offer sufficient evidence to undermine Kaplan's legitimate nondiscriminatory explanations and to allow a trier of fact to conclude that they were pretexts for intentional race discrimination. Summary judgment was thus awarded in favor of Kaplan, Inc., and this appeal followed.

We have carefully reviewed the record, as well as the issues that Koger

---

[2] Appellant appealed this decision but the appeal was, of course, dismissed as jurisdictionally defective under 28 U.S.C. § 1291. See C.A. No. 04-2511. The petition for writ of mandamus he subsequently filed was likewise denied. See C.A. No. 04-3605.

raises in his informal brief, and find the appeal to be meritless. Appellant's contentions can be disposed of with little or no discussion. As appellees correctly state, the District Court committed no reversible error in considering evidence outside of the pleadings as the District Court only did so in the context of consideration of a motion for summary judgment and only after the parties had been notified of the conversion – a clearly permissible course of action. See Pension Ben. Guar. Corp. v. White Consol. Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). We likewise find no abuse of discretion on the part of the District Court in handling Koger's discovery requests in the manner in which it did, especially at the summary judgment stage, given the limited scope of the action at that point in the proceedings and the District Court's familiarity with Koger's discovery tactics. See Lloyd v. Hovensa, LLC., 369 F.3d 263, 274 -275 (3d Cir. 2004), citing Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir.1983)(the scope and conduct of discovery are within the sound discretion of the trial court). Finally, judgment was properly entered in favor of appellee Kaplan, Inc., on the § 1981 claim as Koger pointed to no evidence sufficient to discredit appellee's proffered reasons and to survive summary judgment. See Waldron v. SL Industries, Inc., 56 F.3d 491, 495 (3d Cir. 1995) (citing Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994)).

We have considered Koger's remaining challenges, and reject them without further comment. Koger's motion to strike appellees' brief is denied. We agree with the contention appellees' set forth in their opposition that appellant is simply, inter alia, wrong in his assertion that they failed to argue before the District Court the existence of a

6

non-discriminatory rationale for Koger's suspension from the Concord School of Law online program. Koger's motion to expand the record to include a copy of appellees' Reply in Support of Defendant's Converted Motion for Summary Judgment" (D.Ct. entry #86), which appears to have been inadvertently misplaced in the District Court, is granted. That portion of the motion seeking to compel appellees to file a copy is denied as unnecessary insofar as appellees have attached this document to their Response in Opposition to Appellant's Motion to Strike Appellees' Brief. However, having reviewed the document and the attached exhibits, we would note that, unfortunately for Koger, the affidavit of Cassandra Colchagoff does not offer the support he ascribes to it. The motion to strike appellees' response is also denied.

Accordingly, for the reasons stated, we will affirm the District Court's judgment.