SUMMARY ORDER
The plaintiffs appeal from the district court’s dismissal of their putative class action pursuant to Federal Rule of Civil Procedure 12(b)(6). We assume the parties’ familiarity with the underlying facts and procedural history of this case, and the issues on appeal.
The district court correctly concluded that the plaintiffs’ claims are barred by the Federal Arbitration Act (“FAA”), 9 U.S.C. § 1 et seq., which ordinarily provides the exclusive remedy for parties seeking to challenge an arbitral award or the process that led to that award. See Mian v. Donaldson, Lufkin & Jenrette Securities Corp., 7 F.3d 1085, 1086 (2d Cir.1993) (per curiam); Corey v. New York Stock Exchange, 691 F.2d 1205, 1210 (6th Cir.1982). While this Court did establish a limited exception to that rule in Mian, it hinged on the specific nature of 42 U.S.C. § 1981, the statute on which the claim in that case was based. Section 1981 “prohibits discrimination that infects the legal process in ways that prevent one from enforcing contract rights, by reason of his or her race, and ... covers wholly private efforts to impede access to the courts or obstruct nonjudicial methods of adjudicating disputes.” Mian, 7 F.3d at 1087 (alterations and internal quotation marks omitted). The plaintiffs do not assert any claims under Section 1981 or any analog to it, and we have been given no reason to expand Mian’s narrow exception to apply to the claims brought here.
We also agree with the district court that we need not reach the question of whether the relevant provisions of the FAA apply only to arbitration proceedings that were resolved by an “award” of an arbitrator and not to those that ended with a negotiated settlement. Even if this were the case, the settling plaintiffs in this case all signed releases relinquishing any and all future claims, even though they had already been informed that Morgan Stanley might be in possession of additional emails relevant to their proceedings. The defendants therefore must prevail against the settling plaintiffs based on the affirmative defense of release.
In general we do not require plaintiffs to anticipate affirmative defenses in formulating a complaint, see Gomez v. Toledo, 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980) (discussing affirmative defense of qualified immunity); Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 75 (2d Cir.1998) (citing examples relating to *607 res judicata, statute of limitations, and qualified immunity), and we have at times remanded, as the plaintiffs here request, to allow a plaintiff to amend his or her complaint to defend against the affirmative defense of release, see Neeff v. Emery Transp. Co., 284 F.2d 432 (2d Cir.1960). But in the circumstances presented, we agree with the district court that any further effort to amend the complaint would be futile. Morgan Stanley filed a supplemental pre-motion conference letter on April 30, 2007, advising the court (and the plaintiffs) of their intention to move for dismissal on the ground of release. The plaintiffs amended their complaint two weeks later, on May 14, 2007, yet did not make any assertions that, if proved, would have defeated the defense of release.
The claims here are therefore barred by the FAA or by the releases.
For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.