44

The BOARD OF MANAGERS OF 2900 OCEAN AVENUE CONDOMINIUM, Plaintiff–Appellee,

v.

Thomas BRONKOVIC, Pro Se Appellant,

Gazdo Properties; Raed Habibi; John Doe; Jane Doe, (The last two names being fictitious, intending to be the current tenants/occupants of Apartment 3F at 2900 Ocean Condominium), Defendants,

Bertha Hidalgo, Pro Se Defendant–Appellant.

No. 1277, Docket 95–9027.

United States Court of Appeals, Second Circuit.

Submitted March 29, 1996.

Decided April 30, 1996.

(Bertha Hidalgo, Kissimmee, Florida, on the brief), Pro Se.

(Board of Managers of 2900 Ocean Avenue, Brooklyn, N.Y., on the brief), Pro Se.

Before: OAKES and PARKER, Circuit Judges, and KNAPP, District Judge.*

PER CURIAM:

Bertha Hidalgo and Thomas Bronkovic, proceeding pro se, appeal from an order entered *sua sponte* in the United States District Court for the Eastern District of New York, (Dearie, J), remanding the action to the Civil County Court of the City of New York, County of Kings, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction, and enjoining them from filing or re-

* Honorable Whitman Knapp, United States Senior District Judge for the Southern District of New York, sitting by designation.

moving any cases to Eastern District of New York without the express permission of the court.

We dismiss the part of the appeal seeking review of the remand order because a district court's order remanding a case to the state court from which it was improperly removed under § 1447(c) for lack of subject matter jurisdiction is not reviewable on appeal. *Minot v. Eckardt–Minot*, 13 F.3d 590, 592 (2d Cir.1994). Because the court enjoined further filings and removals to the Eastern District *sua sponte* without giving defendants notice or an opportunity to be heard, our precedent requires that we reverse and remand so that the district court may conduct such a hearing. *In the Matter of Hartford Textile Corp.*, 613 F.2d 388 (2d Cir.1979).

Plaintiff filed suit in state court asserting that defendants had failed to pay condominium common charges in the amount of $25,-000, and sought judgment in this amount, together with costs. Defendants removed the case to federal court, and it has since been remanded. Prior to the remand, Judge Dearie discussed defendants' "unorthodox removal practices," and ordered that they "not remove or attempt to remove any case to this Court without the express permission of this Court." In addition, Judge Dearie barred defendants from filing any case in the Eastern District concerning the "2900 Ocean Avenue condominium or any other condominium without express permission of the court."

We can certainly understand Judge Dearie's frustration with defendants. They have attempted on several occasions to remove other actions to the federal court; in at least one instance, defendants were not even a party to the pending litigation. However, this court has previously held that a district court may not enjoin, *sua sponte*, further filings of frivolous or vexatious claims without providing express notice and a hearing. *In the Matter of Hartford Textile Corp.*, 613 F.2d 388 (2d Cir.1979). Even after a hearing, such injunctions must be appropriately narrow. *Safir v. United States Lines, Inc.*, 792 F.2d 19, 25 (2d Cir.1986). Since the court did not give defendants notice or an opportunity to be heard before enjoining further filings and removals, this matter is remanded for such a hearing.