**Horace DOVE, Plaintiff,**

v.

**FORDHAM UNIVERSITY, The City of New York, et al., Defendants.**

**No. 98 Civ. 7118(RWS).**

United States District Court, S.D. New York.

June 14, 1999.

Horace Dove, New York City, plaintiff pro se.

Office of the General Counsel of Fordham University, Fordham University by Thomas E. DeJulio, Bronx, NY, for defendant Fordham University.

Michael D. Hess, Corporation Counsel of the City of New York by Heidi Grossman, New York City, for City defendants.

## OPINION

SWEET, District Judge.

The defendants Fordham University ("Fordham"), Fordham University School of Social Work (the "School"), Fordham University Security Officers Joseph O'Hare, Maryna Quaranta, Susan Egan, Elaine Gerald, Maxine Lynn, Bertram Beck, Wilma M. David, Doris Bronson, William S. Dolan, Shea, Mr. Carroll, Ms. Covello, George Henshaw and Mike Swikata (the "individual Fordham Defendants") and defendants The City of New York (the "City"), the New York City Police Department (the "Department"), Howard Safir as Commissioner of the New York City Police Department (the "Commissioner"), Commander of the 20th Precinct, New York City Police Department, Police Officer Michael Reddington, Police Officer John Rowell, and two (white) police officers of the 20th Precinct known here as John Does (the "individual City Defendants") (collectively, "the Defendants"), have moved under Rule 12(b)(6) to dismiss the First Amended Complaint of plaintiff Horace Dove ("Dove"). Dove has moved to file a

Second Amended Complaint. For the reasons set forth below, the Defendants' motion is granted, and Dove's motion is denied.

### Prior Proceedings

Dove filed his complaint in this action on October 8, 1998. He filed his First Amended Complaint on October 18, 1998, alleging that as a black person with an asthma disability and an allergy to smoke, the Defendants' action constituted civil rights violations in contravention of 42 U.S.C. §§ 1981, 1983 and 1985.[1]

The City, the Commissioner, and the individual City Defendants moved under Rule 12(b)(6), Fed.R.Civ.P., on December 15, 1998 to dismiss the First Amended Complaint on statute of limitations as well as other grounds. On January 28, 1999, Fordham, the School and the individual Fordham Defendants, made a similar motion.

On February 2, 1999, Dove moved to file a Second Amended Complaint. All motions were deemed submitted on March 10, 1999.

### The Facts

In considering a motion to dismiss, the factual allegations of the complaint are presumed to be true and all factual inferences must be drawn in the plaintiff's favor and against the defendants. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Atlantic Mutual Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir.1992); *Rubin v. Tourneau, Inc.*, 797 F.Supp. 247, 248 (S.D.N.Y.1992). Accordingly, the factual allegations considered here and set forth below are taken from Dove's First Amended Complaint and do not constitute findings of fact by the Court. They are presumed to be true only for the purpose of deciding the present motion.

Dove enrolled as a graduate student in social work at Fordham in 1993 and at the beginning of the fall 1994 semester demanded to be transferred to another field placement. The University refused this request, and determined that because of Dove's failure to attend his initial field placement, he had failed to meet the academic requirements applicable to all students in the graduate program in Social Service and, accordingly, on October 18, 1994, Dove was academically dismissed.

On October 27, 1994, Dove entered the University campus, was stopped by security guards, refused to leave, and a confrontation occurred. Dove was arrested by New York City police officers and removed from the premises. On December 12, 1994, Dove again attempted to enter the campus and again was arrested and removed by the New York City Police when he "refused to leave when asked."

Dove also alleges that in or about 1995, charges against him on October 27, 1994 and December 12, 1994 were dismissed and sealed in Criminal Court, but also states that he "spent six months in jail from December 1994 until May 1995."

In April 1996, after obtaining permission from the police, Dove staged three protests against the Defendants for violating his civil rights, "false, evil and malicious arrests and denying [him] an education.". (Complaint ¶ 56). During the second protest, defendant Henshaw and other security officers allegedly assaulted Dove and hurled racial epithets at him. Dove alleges that the false arrests, false imprisonment, and malicious prosecution caused him to seek psychiatric treatment in 1997.

### Discussion

#### I. Defendants' Motion to Dismiss is Granted

##### A. Relevant Legal Standard

A court should dismiss a complaint for failure to state a claim under Rule 12(b)(6),

---

1. Although it is unclear from Dove's First Amended Complaint which causes of action are being asserted against which defendants, it appears that the claims against Fordham, the School, and the individual Fordham defendants are brought pursuant to § 1981, and the claims against the City, the Department, the Commissioner, and the individual City Defendants are brought pursuant to §§ 1983 and 1985.

Fed.R.Civ.P., only if it appears beyond doubt that the plaintiff can prove no set of facts supporting its claim that entitles it to relief. *See H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 109 S.Ct. 2893, 2906, 106 L.Ed.2d 195 (1989); *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Dahlberg v. Becker,* 748 F.2d 85, 88 (2d Cir.1984). A court must construe the complaint's allegations in the light most favorable to the plaintiff and accept those allegations as true. *See Scheuer v. Rhodes,* 416 U.S. at 236, 94 S.Ct. 1683; *Dacey v. New York County Lawyers' Assoc.,* 423 F.2d 188, 191 (2d Cir.1969).

■ In considering this motion, the Court is cognizant of the principle that the Second Circuit "ordinarily require[s] the district court to give substantial leeway to *pro se* litigants." *Gomes v. Avco Corp.,* 964 F.2d 1330, 1335 (2d Cir.1992); *accord Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam) (allegations of *pro se* complaint held to "less stringent standards than formal pleadings drafted by lawyers."); *LaBounty v. Adler,* 933 F.2d 121, 122 (2d Cir.1991) ("We are obliged to construe [*pro se*] pleadings and papers liberally."). A *pro se* litigant's submissions are to be interpreted "to raise the strongest arguments they suggest." *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994).

### B. *The Complaint Fails to Allege Specific Wrongdoing Against Particular Defendants*

■ Although Joseph O'Hare, Susan Egan, Elaine Gerald, Wilma M. David, Doris Bronson, Shea, Mr. Carroll and Ms. Covello are named in the caption, there is no reference to these defendants in the body of the complaint. It is well-settled that "where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted." *Morabito v. Blum,* 528 F.Supp. 252, 262 (S.D.N.Y. 1981) (*citing Gutierrez v. Vergari,* 499 F.Supp. 1040, 1052 (S.D.N.Y.1980)); *Holloway v. Carey,* 482 F.Supp. 551, 553 (S.D.N.Y.1979); *see also Kirkland v. Bianco,* 595 F.Supp. 797, 799 (S.D.N.Y.1984).

### C. *The Complaint Fails to State a Claim as to the Remaining Defendants*

#### 1. *Section 1983*

■ As an initial matter, Defendants maintain that Dove's § 1983 claims are time-barred and thus must be dismissed. Dove alleges that due to his mental incapacity, he is entitled to a toll of the applicable statute of limitations under § 208 of the C.P.L.R.. [2] The availability of a toll based on a mental disorder or physical disability is limited to exceptional circumstances. *See Lloret v. Lockwood Greene Engineers,* 1998 WL 142326 at *2 (S.D.N.Y. March 27, 1998); *Hedgepeth v. Runyon,* 1997 WL 759438 at *4–5 (S.D.N.Y. Dec. 10, 1997). The Supreme Court has noted that "courts have typically extended equitable relief only sparingly." *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 94–95, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). Illness may be an exceptional circumstance when it has prevented a party from pursuing his legal rights. *See Lloret,* 1998 WL 142326 at *2; *Hedgepeth,* 1997 WL 759438 at *5. However, Dove's alleged incapacity raises a factual issue which cannot be decided here on a motion to dismiss.

■ To state a claim against the City under 42 U.S.C. § 1983, a complaint must allege that a person acting under color of

---

**2.** Section 208 of the C.P.L.R. provides in relevant part: If a person entitled to commence an action is under a disability because of infancy or insanity at the time the cause of action accrues, and the time otherwise limited for commencing the action ... is three years or more and expires no later than three years after the disability ceases ... the time [by which the action must be commenced] shall be extended by the period of disability.

state law committed acts that deprived plaintiff of a right, privilege or immunity guaranteed by the Constitution or the laws of the United States. *See Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). In order to hold a municipality liable as a "person" within the meaning of § 1983, Dove must establish that the municipality itself was somehow at fault. *See Oklahoma v. Tuttle,* 471 U.S. 808, 810, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985); *Monell v. Department of Social Services,* 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

> The plaintiff must first prove the existence of a municipal policy or custom in order to show that the municipality took some action that caused his injuries.... Second, the plaintiff must establish a causal connection—an "affirmative link"—between the policy and the deprivation of his constitutional rights.

*Vippolis v. Village of Haverstraw,* 768 F.2d 40, 44 (2d Cir.1985), (*citing Oklahoma City v. Tuttle,* 471 U.S. 808, 824 n. 8, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985)).

Dove alleges general failures by the New York City Police Department, Commissioner Safir and the Commander of the 20th Precinct to "train, supervise, and discipline their employees," but has failed to allege specific facts pertaining to the existence of a municipal policy or custom that caused any alleged violation of his constitutional rights.

■■■■■ Absent evidence of a municipal policy (*i.e.,* evidence of the policy itself or of the involvement of statutorily authorized policy-making officials), a plaintiff seeking to establish municipal liability under § 1983 can only meet his burden by establishing that responsible supervisory officials acquiesced in a pattern of unconstitutional conduct by subordinates. Only after such a pattern of acquiescence is shown, may a municipality be deemed to have sanctioned the unconstitutional conduct. *See Turpin v. Mailet,* 619 F.2d 196, 201 (2d Cir.1980). Dove, therefore, cannot establish deliberate indifference to inade-

quate training by reference to the particular shortcomings of officers or isolated unconstitutional incidents. *See City of St. Louis v. Praprotnik,* 485 U.S. 112, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988). Similarly, where the only evidence of a policy of inadequate supervision is a failure to discipline the defendant officers, a policy condoning unconstitutional action by the City cannot be inferred. *See Turpin,* 619 F.2d at 202–03.

■■■■■ As to the Commissioner and the Commander of the 20th Precinct, there is no allegation that they were personally involved in the alleged deprivation of Dove's civil rights. It is well established that § 1983 imposes liability only upon a defendant who personally "subjects, or causes to be subjected" any person to the deprivation of any federal right. Accordingly, "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Williams v. Smith,* 781 F.2d 319, 323 (2d Cir.1986) (*quoting McKinnon v. Patterson,* 568 F.2d 930, 934 (2d Cir.1977)); *see also Doyle v. Coombe, et al.,* 159 F.3d 1346, 1998 WL 537066, *1, 1998 U.S.App. LEXIS 20261, at *3 (2d Cir.1998); *Wright v. Smith,* 21 F.3d 496, 501 (2d Cir.1994); *Sealey v. Giltner,* 116 F.3d 47, 51 (2d cir.1997). It is equally established that liability under § 1983 may not be predicated upon a theory of *respondeat superior* or vicarious liability. *See City of Canton, Ohio v. Harris,* 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). Our Circuit in *Johnson v. Glick,* stated, "The doctrine of *respondeat superior* does not suffice, and a showing of some personal responsibility of the defendant is required." 481 F.2d 1028, 1034 (2d Cir.1973) *rev'd on other grounds, Graham v. Connor,* 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).

■■■■■ Dove cannot maintain a § 1983 claim against the Commissioner on the theory that he as supervisor of the entire police department is vicariously liable for

any alleged constitutional violation that occurs in that Department. *See Gill v. Mooney,* 824 F.2d 192, 196 (2d Cir.1987); *McKinnon v. Patterson,* 568 F.2d 930, 934; *Glick,* 481 F.2d at 1034.

■ Moreover, the organizational subdivisions of the City of New York lack independent legal existence and are not suable entities. *See Wilson v. City of New York,* 800 F.Supp. 1098, 1101 (E.D.N.Y. 1992) (dismissing claim against the New York City Police Department "because it is an agency of the City of New York" which may not be sued independently); *East Coast Novelty Co. v. City of New York,* 781 F.Supp. 999, 1010 (S.D.N.Y.1992). The New York City Charter provides:

> **§ 396 Actions and proceedings for recovery of penalties.**
>
> All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law.

N.Y. City Charter, Chapter 17, § 396. The New York City Police Department is an agency of the City of New York, and therefore, not a suable entity.

**2. *Section 1985***

■ According to the First Claim for Relief, "Defendants have intentionally, willfully, and maliciously inflicted severe physical, mental and emotional distress upon Plaintiff" in violation of 42 U.S.C. § 1985.

> Section 1985 provides in relevant part:
>
> If two or more persons in any State or Territory conspire or go in disguise on the highway or the premises of another, for the purpose of depriving either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immuni-

ties under the laws ... in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action.

42 U.S.C. § 1985(3).[3]

■ This statute provides a remedy for persons intentionally deprived of any constitutional rights or privileges by the conspiracy of two or more persons. To state a claim under § 1985(3), a plaintiff must allege:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of person of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right of a citizen of the United States.

*Mian v. Donaldson, Lufkin & Jenrette Securities Corp.,* 7 F.3d 1085, 1087–88 (2d Cir.1993) (citing *United Brotherhood of Carpenters, Local 610 v. Scott,* 463 U.S. 825, 828–29, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983)); *see Griffin v. Breckenridge,* 403 U.S. 88, 102–03, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). A conspiracy is an agreement between two or more individuals, where one individual acts in furtherance of the objective of the conspiracy, and each member has knowledge of the nature and scope of the agreement. *See Burrell v. City University of New York,* 995 F.Supp. 398, 414 (S.D.N.Y.1998). The plaintiff must show that the conspiracy was motivated by "some racial, or perhaps

---

**3.** Although Dove does not specify under which subsection of § 1985 he brings this action, only subsection three is applicable; § 1985(1) is entitled "Preventing officer from performing duties," and § 1985(2) is entitled "Obstructing justice; intimidating party, witness, or juror." 42 U.S.C. § 1985(1), (2).

otherwise class-based, invidiously discriminatory animus." *Mian,* 7 F.3d at 1088.

 "A constitutional conspiracy claim must be pled with at least some degree of particularity." *Laverpool v. New York City Transit Authority,* 760 F.Supp. 1046, 1056 (E.D.N.Y.1991). Dove has failed to articulate a claim for conspiracy beyond merely asserting that the Defendants have violated § 1985. There are no allegations as to which Defendants conspired with whom and about what they supposedly conspired. Accordingly, Dove's § 1985 claim is dismissed.

### 3. *Section 1981*

 Section 1981 provides:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981. To state a claim under § 1981, the following must be alleged: "(1) the plaintiff is a member of racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute (*i.e.,* make and enforce contracts, sue and be sued, give evidence, etc.)." *Mian,* 7 F.3d at 1087.

 The essential elements of the claim are actions that were racially motivated and purposefully discriminatory. *See General Bldg. Contractors Ass'n v. Pennsylvania,* 458 U.S. 375, 391, 102 S.Ct. 3141, 73 L.Ed.2d 835 (1982). In order to survive a motion to dismiss, "the events of the intentional and purposeful discrimination, as well as the racial animus constituting the motivating factor for the defendant's actions must be specifically pleaded in the complaint." *Yusuf v. Vassar College,* 827 F.Supp. 952, 955 (S.D.N.Y.1993), aff'd in part and vacated in part, 35 F.3d 709 (1994); *see Albert v. Carovano,* 851 F.2d 561, 571–72 (2d Cir.1988). Conclusory or naked allegations will not suffice. *See Mian,* 7 F.3d at 1088 (dismissing § 1981 claim and stating that "[a]t this point, Mian's complaint fails to offer more than conclusory allegations that he was discriminated against because of his race"); *Pointer v. Columbia University,* No. 95 Civ. 8418, 1997 WL 86387, at *5 (S.D.N.Y. Feb. 28, 1997) ("The Court finds that Plaintiff fails to state a claim under section 1981 ... because she does not allege any facts supporting an inference that this poor treatment was motivated by race discrimination."). Fact-specific allegations of a causal link between the defendant's actions and the plaintiff's race are required. *See Albert,* 851 F.2d at 572–73.

Assuming *arguendo* that the alleged discrimination concerned one or more of the activities enumerated in the statute, Dove's First Amended Complaint lacks allegations of racial animus and intentional discrimination necessary to state a cognizable claim under § 1981. It is devoid of facts to support Dove's determination that the actions taken by Defendants were motivated by his race.

First, as to his treatment as a graduate student at Fordham, Dove makes no allegation that the decisions concerning his academic status and enrollment were in any way based on or in any way influenced by his race. Dove asserts that "in early October 1994" he told the Director of Field Placement for Graduate studies, Maxine Lynn, "to transfer me to another field placement," and simply alleges that "all students were allowed to transfer to other field placements." However, as made clear by the October 18 letter to Dove from Bertram Beck, Associate Dean of the Graduate School of Social Work, "... After reporting to your place of field work instruction for an initial session, you have not returned and the School where you

were placed has notified us that they will no longer accept you as a Field Worker student." The October 18 letter from Dean Beck to Dove reflected the University's academic judgment. Since there is no allegation that this academic determination by Dean Beck was in any way related to or influenced by Dove's race, it fails to state a claim under § 1981.

As to Dove's attempts to enter the Lincoln Center Campus of Fordham University on October 27 and December 12, 1994, there is no allegation that Dove as an unauthorized trespasser was treated by the University or the Police any differently because of his race. These allegations also fail to state a claim under § 1981.

Further, other allegations concerning events after his academic termination from Fordham University fail to state a claim for relief against the University under § 1981. Dove alleges that following his arrest and imprisonment in 1994, he "called and wrote" defendant Mary Ann Quaranta, the Dean of the Graduate School of Social Work. Dove further alleges that defendant Quaranta "refused to offer any help because of my race, color, and national origin." However, Dove was at this time no longer a student at Fordham University, and therefore Quaranta had no obligation or authority to render any assistance to Dove during his incarceration. Moreover, Dean Quaranta's inaction has a manifestly race-neutral basis, *i.e.*, that as Dean of the Graduate School of Social Work, she was not authorized or qualified to counsel criminal defendants in prison— regardless of their race.

Dove alleges that while "standing in the lobby" in 1993, "a white man was arrested inside Fordham University." According to the Amended Complaint, the University "did not call the police to have him (the unidentified white man) arrested as they had called the police on me." This allega-

tion of a single incident fails to state any claim under § 1981. The fact that campus security officers may, as the Amended Complaint indicates, have exercised their discretion not to summon the police in a particular case involving an (unidentified) white man—under circumstances which the Amended Complaint fails to describe— in no way suggests that the exercise of such discretion, in the circumstances present in Dove's case, reflected any discriminatory action or motive against Dove.

Finally, the Amended Complaint alleges that in April 1996, after the plaintiff had staged a "protest against defendants for violating my civil rights ... defendant Henshaw and other Fordham security officers assaulted plaintiff and hurled racial epithets at plaintiff." Assuming this allegation might state a claim under state law, it does not state a claim of a racially motivated interference with any right of Dove protected under § 1981, and is therefore not actionable.[4]

 The Amended Complaint does not allege, and does not state any basis for suspecting that the plaintiff's race was in any way involved in the academic determination by Fordham University. Similarly, Dove does not in any way allege that race was a motivating factor in the University's response to his unauthorized attempt to gain admittance to Fordham University premises, and his behavior toward University security officers. "It is not enough merely to assert that the defendant took adverse action against the plaintiff, and that the action was the product of racial animus. The complaint must allege specific facts supporting both the existence of the racial animus and the inference of a link between the adverse treatment and the racial animus." *Dickerson v. State Farm Fire & Casualty Co.*, 1996 WL 445076 at *3 (S.D.N.Y.1996). Accordingly, Dove's Amended Complaint is dismissed as

---

4. To the extent that Dove's claims against defendants Henshaw, Switaka, and the Fordham campus security guards are based upon § 1983, they must be dismissed as there is no allegation that these defendants were acting under color of state law. *See Rojas v. Alexander's Department Store*, 924 F.2d 406 (2d Cir. 1990).

to Fordham, the School, and the individual Fordham defendants.

## II. *The Proposed Amendment is Denied*

Dove has sought to amend the complaint a second time to add as defendants Bernard B. Kerik, as Commissioner of the New York City Department of Correction ("Kerik"), Rudy Crew, as Chancellor of the New York City Board of Education ("Crew"), the New York City Board of Education ("BOE"), Mr. Wechsler, the Assistant Principal of DeWitt Clinton High School ("Wechsler"), and the Principal of DeWitt Clinton High School (the "Principal") (collectively, "Proposed Defendants").

 Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires." The decision to grant or deny the filing of an amended pleading, however, is within the sound discretion of the trial court. *See Zenith Radio Corporation v. Hazeltine Research, Inc.*, 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971); *Katz v. Morgenthau*, 892 F.2d 20, 22 (2d Cir.1989). The Supreme Court has interpreted Rule 15 to permit such amendments only when (1) the party seeking the amendment has not unduly delayed, (2) when that party is not acting in bad faith or with a dilatory motive, (3) when the opposing party will not be unduly prejudiced by the amendment, and (4) when the amendment is not futile. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *see also Mackensworth v. S.S. Am. Merchant*, 28 F.3d 246, 251 (2d Cir.1994); *Prudential Ins. Co. v. BMC Indus., Inc.*, 655 F.Supp. 710, 711 (S.D.N.Y.1987).

An amendment is considered futile if the amended pleading fails to state a claim or would be subject to a successful motion to dismiss on some other basis. *See, e.g., S.S. Silberblatt, Inc. v. East Harlem Pilot Block*, 608 F.2d 28, 42 (2d Cir. 1979); *Freeman v. Marine Midland Bank–New York*, 494 F.2d 1334, 1338 (2d Cir.1974). Dove's proposed Second Amended Complaint suffers from the same defects as the Amended Complaint and thus fails to state a claim under §§ 1981, 1983 and 1985. Accordingly, Dove's motion to amend is denied.

## *Conclusion*

For the reasons stated above, the Defendants' motion is granted and Dove's First Amended Complaint is dismissed in its entirety, and Dove's motion is denied.

It is so ordered.