Walter N. IWACHIW, Plaintiff,

v.

The NEW YORK STATE DEPART-
MENT OF MOTOR VEHICLES, New
York State, New York City, NYC
Parking Violations Bureau, NYC De-
partment of Finance, NYC Mayor's
Office on Disabilities, Marshal Cath-
erine Stringer, NYC Marshal, Mar-
tinez 131–10 Auto Corp d/b/a J & J
Auto Repair, Queens, Diana Martinez,
diamond Towing, Governor Pataki,
Mayor Bloomberg, Kemper insurance
Companies, Kemper Auto & Home In-
surance Company, Kemper Indepen-
dence Insurance Company, Lumber-
mans Mutual Casualty Company,
American Motorists Insurance Com-
pany, Defendants.

No. 02–CV–6699(ADS)(WDW).

United States District Court,
E.D. New York.

Jan. 23, 2004.

Walter N. Iwachiw, Sunnyside, NY, Pro Se Plaintiff.

Armienti, DeBellis & Whitten, LLP by Beth I. Shillin, Esq., New York City, for Defendants the Kemper Insurance Compa-

nies, Kemper Auto & Home Insurance Company, Kemper Independence Insurance Company, Lumbermans Mutual Casualty Company.

Michael A. Cardozo, Corporation Counsel of the City of New York by Michelle Goldberg–Cahn, Assistant Corporation Counsel, New York City, for Defendants the City of New York, the New York City Parking Violations Bureau, the New York City Department of Finance, the New York City Mayor's Office on Disabilities, and Mayor Bloomberg.

Mays & Associates by Michael P. Mays, Esq., of Counsel, Jamaica, NY, for Defendant Marshal Catherine Stringer.

Eliot Spitzer, Attorney General for the State of New York by Ralph Pernick, Assistant Attorney General, Mineola, NY, for Defendants New York State, the New York State Department of Motor Vehicles, and Governor George Pataki.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This action arises out of claims by the *pro se* plaintiff Walter N. Iwachiw ("Iwachiw" or the "plaintiff") against the defendants the City of New York, New York City Parking Violations Bureau (the "PVB"), the New York City Department of Finance (the "DOF"), the New York City Mayor's Office on Disabilities (the "Mayor's Office"), Mayor Michael Bloomberg (collectively, the "City Defendants"), New York State, the New York State Department of Motor Vehicles (the "DMV"), Governor Pataki (collectively, the "State Defendants"), the Kemper Insurance Companies ("Kemper"), Kemper Auto & Home Insurance Company, Kemper Independence Insurance Company, Lumbermans Mutual Casualty Company, American Motorists Insurance Company

(collectively, the "Insurance Companies"), Marshal Catherine Stringer ("Stringer"), Diana Martinez ("Martinez"), Diamond Towing, Inc. ("Diamond Towing"), and Martinez 131–10 Auto Corp. d/b/a/ J & J Auto Repair ("J & J Auto"). Presently before the Court are motions by the City Defendants and the State Defendants to dismiss the respective causes of action against them pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ.P.") 12(b)(6).

## I. BACKGROUND

### A. Factual Background

The following facts are taken from the amended complaint which the Court takes to be true for the purpose of this motion.

Iwachiw claims that on November 3, 2001 the DMV improperly suspended his driver's license and registration. These suspensions were allegedly caused by the DMV's negligence in (1) failing to maintain its computer network and database; (2) blaming Kemper for the "problems in the plaintiff['s] records that resulted in the suspension"; and (3) failing to "supervise, train and resolve problems" between Kemper and the DMV. Am. Compl. ¶ 21. Kemper was also "negligent" because it "fail[ed] to properly supervise the interface between the [DMV] and [DMV][sic]." Am. Compl. ¶ 22.

On or about June 25, 2002, the plaintiff's 1980 Ford van (the "Van") was "taken by the operations" of Diamond Towing, Martinez, J & J Storage, the PVB, and New York City. Am. Compl. ¶ 14. Iwachiw claims that he was prevented from recovering the Van because his license and registration were improperly suspended and because the DMV refused to temporarily lift these suspensions. As a result, Iwachiw accumulated more than $2,000 in storage and towing fees. He also claims

that the Van was damaged and its contents were stolen. In addition, on or about August 28, 2002, Martinez "intentionally struck [Iwachiw] with a chain link gate" and denied him access to his personal property. Am Compl. ¶ 16.

On or about September 3, 2002, the PVB and the DOF issued a "sales hold" which prevented the sale of the Van at a public auction. The purpose of the sales hold was to allow Iwachiw "time to perfect [the] Appeal and deal with [the] alleged investigation into [the] tow." Am. Compl. ¶ 23. On September 19, 2002, the PVB refused to renew the sales hold. Subsequently, on or about November 14, 2002, the Van sold for $200 at a public action allegedly "before due process was completed ... to intentionally destroy evidence of damage of the [Van] and in retaliation for whistle blowing." Am. Compl. ¶ 17.

### B. Procedural Background

On September 19, 2002, the plaintiff commenced this action in the United States District Court for the Southern District of New York by Order to Show Cause seeking a temporary restraining order and a preliminary injunction. The accompanying verified complaint alleged "violations of the Constitution, Americans with Disability Act, civil rights, due process, equal protection under the law and voter rights with respect to NYS registered voters." This case was subsequently transferred to this Court.

By Order dated January 10, 2003, this Court *sua sponte* dismissed the complaint for failure to comply with Federal Rules of Civil Procedure ("Fed. R. Civ.P.") 8 and 10. The plaintiff was granted leave to file an Amended Complaint within thirty days of the date of the Order.

Thereafter on February 10, 2003 the plaintiff filed an amended complaint alleging that the State Defendants were negligent in (1) failing to maintain its computer network and database; (2) blaming Kemper for the "problems in the plaintiff['s] records that resulted in the suspension"; and (3) failing to "supervise, train and resolve problems" between Kemper and the DMV. Am. Compl. ¶ 21. The amended complaint also alleges that the City Defendants violated his right to "due process" by towing and selling his van and are liable for the allegedly negligent acts of its subcontractors. Am. Compl. ¶ 17.

Iwachiw also claims that (1) this is an Article 78 proceeding to overturn the alleged "improper finding" of the NYC Parking Violations Bureau / Department of Finance in Parking Violations Summons No. 3453447750; (2) because he is "disabled," the seizure of his vehicle prevented him from traveling to and from "medical appointments, family appointments and political actions such as petition gathering," Am. Compl. ¶ 19; and (3) "organized crime" which allegedly controls the State and local government, "did interfere with and directed enforcement against the plaintiff as retaliation for political actions, to interfere in the political aspirations of the plaintiff and retaliate for the whistleblowing of the plaintiff." Am. Comp. p. 10.

Presently before the Court are two separate motions to dismiss the complaint for failure to state a claim, filed by the New York City Defendants and the New York State defendants, respectively.

## II. DISCUSSION

### A. The Standard

#### 1. Rule 12(b)(6)

In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court should dismiss the complaint only if it appears beyond doubt that the plaintiff can prove no set of facts in sup-

port of his complaint which would entitle him to relief. *King v. Simpson*, 189 F.3d 284, 287 (2d Cir.1999); *Bernheim v. Litt*, 79 F.3d 318, 321 (2d Cir.1996). The court must accept as true all of the factual allegations set out in the complaint, draw inferences from those allegations in the light most favorable to the plaintiff, and construe the complaint liberally. *See Tarshis v. Riese Org.*, 211 F.3d 30, 35 (2d Cir.2000) (citing *Desiderio v. National Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198, 202 (2d Cir. 1999)). The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir.1995).

In addition, the Court must liberally interpret the complaint of a *pro se* plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Williams v. Smith*, 781 F.2d 319, 322 (2d Cir.1986). Nevertheless, *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 92 (2d Cir.1983) (citations omitted).

In support of their motion, the City Defendants submit a "declaration" by Assistant Corporation Counsel Michelle Goldberg–Cahn and documents which are not found in the pleadings. The Court may not consider this material in a Rule 12(b)(6) motion, *see Tarshis*, 211 F.3d at 39, and declines to convert their motion to one for summary judgment in order to consider the material. *See Fonte v. Bd. of Managers of Cont'l Towers Condo.*, 848 F.2d 24, 25 (2d Cir.1988) (stating that a court has the choice of converting a Rule 12(b)(6) motion to one for summary judgment in order to consider material outside the pleadings but must afford all parties an opportunity to submit supporting material).

**B. Claims Against the State Defendants**

As stated above, Iwachiw alleges that the State Defendants were negligent in (1) failing to maintain its computer network and database; (2) blaming Kemper for the "problems in the plaintiff['s] records that resulted in the suspension"; and (3) failing to "supervise, train and resolve problems" between Kemper and the DMV. Am. Compl. ¶ 21.

 The Court finds that Iwachiw fails to assert a viable cause of action against the State Defendants. First, negligence is not a valid basis for liability under 42 U.S.C. § 1983. *Daniels v. Williams*, 474 U.S. 327, 328, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) ("[T]he Due Process clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." (emphasis in original)). Second, "[b]ecause the State of New York [is] protected by the doctrine of sovereign immunity, the DMV, as an arm of the state, also is entitled to sovereign immunity." *Mullin v. P & R Educational Services, Inc., et al.*, 942 F.Supp. 110, 113 (E.D.N.Y.1996); *see also Trotman v. Palisades Interstate Park Commission*, 557 F.2d 35, 39–40 (2d Cir. 1977). Third, there is no allegation of any personal involvement by Governor Pataki as the only mention of his name is in the caption of the amended complaint. *See Dove v. Fordham Univ.*, 56 F.Supp.2d 330, 335 (S.D.N.Y.1999) ("[W]here the complaint names a defendant in the caption but contains no allegations indicating exactly how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted") (citations omitted).

Accordingly, the motion to dismiss the claims against the State Defendants is granted.

## C. Claims against the City Defendants

### 1. Due Process

■ The plaintiff claims that the City Defendants and its independent contractors violated his "due process" rights. Causes of action based on alleged violations of "due process" are "based on the Fourteenth Amendment, as implemented by section 1983, and require[ ] the existence of a federally protectible property right and the denial of such a right in the absence of either procedural or substantive due process." *Natale v. Town of Ridgefield*, 170 F.3d 258, 262 (2d Cir.1999); *see also Rackley v. City of New York*, 186 F.Supp.2d 466, 479 (S.D.N.Y.2002). Because Iwachiw fails to specify if his substantive or procedural due process rights were allegedly violated, the Court will analyze both.

### a. Substantive Due Process

■ Substantive due process protects against government action that is arbitrary, conscience shocking, or oppressive in a constitutional sense, but not against a government action that is " 'incorrect or ill' advised." *T.S. Haulers, Inc. v. Town of Riverhead*, 190 F.Supp.2d 455, 460 (E.D.N.Y.2002) (quoting *Kaluczky v. City of White Plains*, 57 F.3d 202, 211 (2d Cir.1995)). Thus to prevail on this claim, the plaintiff must demonstrate that the defendants "so grossly abused their authority that they deprived him of a constitutionally protected property interest." *Rackley*, 186 F.Supp.2d. at 479. Such abuse occurs only where the government action challenged is so "outrageous and arbitrary that it shocks the conscious." *Id.*

■ While it is clear that the plaintiff's property interest was implicated by the seizure of his Van, *see Rackley*, 186 F.Supp.2d at 480, the plaintiff has failed to demonstrate that the defendants deprived him of his Van through actions that "shock the conscience" because of their arbitrary or outrageous conduct. *See id. at 479.* Furthermore, Iwachiw failed to allege that the seizure and the subsequent sale of his Van, served no legitimate state interest *See id.* at 480 (dismissing the plaintiff's substantive due process claim because he failed to produce evidence showing that the scheme challenged served no legitimate state interest). Accordingly, Iwachiw's substantive due process claim must be dismissed.

### b. Procedural Due Process

"In order to establish a procedural due process violation, a plaintiff must prove that he or she was deprived of 'an opportunity ... granted at a meaningful time and in a meaningful manner' for [a] hearing appropriate to the nature of the case.' " *Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir.1988) (citation omitted). Here, the plaintiff claims that his Van was "taken" and subsequently sold at a public sale. Am. Compl. ¶ 14. Throughout his amended complaint the plaintiff conclusorily alleges that his due process rights were violated, however, he fails to provide "simple, concise, and direct" allegations as to why there was allegedly a violation of procedural due process. *See* Fed.R.Civ.P. 8(a)(2).

■ In any event, the pre-deprivation and post-deprivation remedies that were available to Iwachiw are sufficient to defeat his procedural due process claim. *Rackley*, 186 F.Supp.2d at 481 (concluding that the plaintiff's procedural due process rights were not violated because New York City's administrative parking violations system, together with the judicial system of the State of New York, provided the plaintiff with adequate pre-deprivation remedies, adequate post-deprivation reme-

dies, and sufficient notice that such remedies were available.). Here, prior to the seizure of his Van, Iwachiw had the ability to appeal any administrative determination first to an administrative appeals board and then, if he was unsatisfied with the results of such appeal, he could then prosecute an Article 78 proceeding in an appropriate New York state court. *See Rackley*, 186 F.Supp.2d at 482; *see also Liotta v. Rent Guidelines Board*, 547 F.Supp. 800, 802 (S.D.N.Y.1982) ("[I]n considering whether [the] defendants have failed to afford [the] plaintiffs due process ... the Court evaluates the entire procedure, including the adequacy and availability of remedies under state law").

Accordingly, the plaintiff's procedural due process claim against the City Defendants is dismissed.

### 2. Liability for the Acts of its Subcontractors

The plaintiff alleges that the City Defendants "are liable for actions and inactions carried out by the defendants New York City employees ... and for the actions of it's [sic] subcontractors." Am. Compl. ¶ 25. In particular, the plaintiff alleges that the City of New York and PVB are responsible for the allegedly negligent actions of Diamond Towing, J & J Auto and for the intentional actions of Martinez.

■ Not only is negligence not actionable under Section 1983, *see Daniels v. Williams*, 474 U.S. 327, 328, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), but the New York City, as a principal, would "not [be] liable for the wrongs of an independent contractor or nonservant agent." *County of Sullivan v. State*, 517 N.Y.S.2d 671, 674, 135 Misc.2d 810 (1987); *see also Rosenberg v. Equitable Life Assur. Soc. of United States*, 79 N.Y.2d 663, 668, 584 N.Y.S.2d 765, 767, 595 N.E.2d 840 (1992).

Accordingly, the claim that the City Defendants are liable for the acts of J & J Auto, Diamond Towing and Stringer is without merit.

### D. Miscellaneous Causes of Action

■ As stated above, the plaintiff alleges a litany of miscellaneous causes of action namely that (1) this is an Article 78 proceeding to overturn the alleged "improper finding" of the NYC Parking Violations Bureau/Department of Finance in Parking Violations Summons No. 3453447750; (2) because he is "disabled," the seizure of his vehicle prevented him from traveling to and from "medical appointments, family appointments and political actions such as petition gathering." Am. Compl. ¶ 19; and (3) "organized crime" which allegedly controls the State and local government, "did interfere with and directed enforcement against the plaintiff as retaliation for political actions, to interfere in the political aspirations of the plaintiff and retaliate for the whistleblowing of the plaintiff." Am. Compl. ¶ 10.

The Court finds that these allegations relating to this miscellaneous causes of action are "confused, ambiguous, vague [and] otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (stating that "the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." (citations omitted)); *see also* Fed.R.Civ.P. 8(a)(2) (requiring that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief...."). Therefore, to the extent that these causes of action purport to invoke federal law, these causes of action are dismissed pursuant to Rule 8.

### E. New York State Law Causes of Action

 Having dismissed all of the plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over any claims brought against the City Defendants pursuant to New York State and New York City law. *See Arroyo v. City of New York, et al.,* No. 99 Civ. 1458, 2003 WL 22211500, at *3 (Sept. 25, 2003) (citing *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)).

Furthermore, the amended complaint alleges that Diamond Towing, Martinez, J & J Auto and Stringer negligently caused damage to the Van during its towing and storage; Martinez "intentionally struck [Iwachiw] with a chain link gate" and denied him access to his personal property, Am Compl. ¶ 16; and that Kemper "was negligent and failed to properly supervise the interface between the [DMV] and [DMV][sic]." The Court declines to exercise supplemental jurisdiction over these claims, as well. *See Arroyo v. City of New York, et al.,* No. 99 Civ. 1458, 2003 WL 22211500, at *3 Davidson,* 474 U.S. at 347–48, 106 S.Ct. 668.

### F. As to the New York City Mayor's Office on Disabilities, Kemper Auto & Home Insurance Company, Kemper Independence Insurance Company, Lumbermans Mutual Casualty Company and American Motorists Insurance Company.

 Although the New York City Mayor's Office on Disabilities, Kemper Auto & Home Insurance Company, Kemper Independence Insurance Company, Lumbermans Mutual Casualty Company and American Motorists Insurance Company are named as defendants in this action, the amended complaint does not allege any wrongdoing on their part. Accordingly, the Court *sua sponte* dismisses the complaint against these defendants. *See Dove v. Fordham Univ.,* 56 F.Supp.2d 330, 335 (S.D.N.Y.1999).

### G. Leave to Amend

Having already granted the plaintiff leave to amend his complaint, the Court declines to grant the plaintiff another opportunity to amend his complaint. The Court also notes that Iwachiw is a frequent litigator and since 1999, has filed more than 15 actions in the federal and New York State courts.

### H. Enjoining of Future Filings

In light of the fact that the plaintiff has filed more than 15 actions in the federal and New York State courts, including more than 10 currently pending in the Eastern District of New York, the Court hereby notifies the plaintiff that the Court is contemplating the issuance of an Order enjoining the plaintiff from bringing any future proceedings in the Eastern District of New York without prior permission of the Court and also enjoining the plaintiff from filing any papers in connection with any other case pending in the Eastern District of New York, unless such papers are in response those submitted by his adversary. *See Matter of Hartford Textile Corp.,* 613 F.2d 388, 390 (2d Cir.1979) (holding that a district court may not enjoin, *sua sponte,* further filings of frivolous or vexatious claims without providing express notice and a hearing); *see also Board of Managers of 2900 Ocean Avenue Condominium v. Bronkovic,* 83 F.3d 44, 45 (2d Cir.1996) (A district court is required to provide notice or an opportunity to be heard prior to enjoining the filing of claims.)

### III. CONCLUSION

Based on the foregoing, it is hereby

ORDERED, that the complaint is dismissed in its entirety with prejudice for failure to state claims in which he is entitled to relief; and it is further

ORDERED that the plaintiff, Walter N. Iwachiw, appear before United States District Judge Arthur D. Spatt, Long Island Federal Courthouse, 1020 Federal Plaza, County of Suffolk and State of New York, on February 11, 2004, at 9:00 a.m., to show why (1) an order should not be issued enjoining him from bringing any future proceedings in the Eastern District of New York without prior permission of the Court and (2) why an order should not be issued enjoining him from filing any papers in connection with any other case pending in the Eastern District of New York, unless prior to any such submission: (A) he files a one-page written application to the Court for permission to file papers in this case; (B) in that one-page written application, he explains why he seeks permission to file such papers; (C) the Court grants his application in a written order; and (D) he submits a copy of the Court's order granting him permission to file papers with the papers he has been allowed to file, unless such papers are in response those submitted by his adversary; and it is further

ORDERED, that the Clerk of the Court is directed to serve a copy of this Order on the plaintiff, Walter N. Iwachiw, by regular first class mail and by certified mail, return receipt requested at the address Iwachiw indicated on the complaint: 48–35 41st Street, Sunnyside, N.Y. 11104; and it is further

ORDERED, that the Clerk of the Court is directed to close this case.

SO ORDERED.