Truong v. Nguyen

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of November, two thousand twelve.

PRESENT:
> ROBERT A. KATZMANN,
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

───────────────────────────────────────────

Mac Truong,

> *Plaintiff-Appellant*,

> v.                                                                11-3248

Hung Thi Nguyen, Alphonse Hotal Corp., Elaine Nguyen, Sang Kim Nguyen, Truong Dinh Tran,

> *Defendants-Appellees*.

───────────────────────────────────────────

FOR PLAINTIFF-APPELLANT:          Mac Truong, *pro se*, New York, NY.

FOR DEFENDANT-APPELLEE:           Marc Bogatin, New York, NY.

Appeal from orders of the United States District Court for the Southern District of New York (Batts, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders are **VACATED** and the proceeding is **REMANDED**.

Appellant Mac Truong, proceeding *pro se*, appeals from the district court's order imposing both leave-to-file and monetary sanctions and requiring Truong to pay the defendants $4,185 to cover their attorney's fees and costs.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's decision to impose sanctions under its inherent powers for an abuse of discretion. *See Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009). "[A] court's inherent power derives from the sage acknowledgment that courts are 'vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates.'" *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 136 (2d Cir. 1998) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). "Because of the potency of [a] court's inherent power, courts must take pains to exercise restraint and discretion when wielding it." *Id.*; *accord United States v. Seltzer*, 227 F.3d 36, 39 (2d Cir. 2000).

"Due process requires that courts provide notice and opportunity to be heard before imposing *any* kind of sanctions." *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999) (citation and internal quotation marks omitted). Specifically, "[a]t a minimum,

---

[1] This Court, enforcing its own leave-to-file sanctions, previously denied Truong's request to appeal from the district court's grant of summary judgment on his underlying claims. *See* U.S.C.A. Dkt. No. 11-2088 doc. 20. Thus, any arguments Truong addresses to that decision are not properly presented.

the notice requirement mandates that the subject of a sanctions motion be informed of," *inter alia*, "the source of authority for the sanctions being considered." *Id.* We have observed that this requirement is fulfilled by the identification of the relevant Federal Rule of Civil Procedure or statute that warrants imposition of a sanction. *Id.* at 334-35 (finding that a motion for sanctions that focused "chiefly on Rule 11 as the basis for sanctions" but that "also invoked and set forth the standards for sanctions under the District Court's inherent power and 28 U.S.C. § 1927 as well," was sufficient to provide "notice of the source of authority for the requested sanctions").

Here, the district court did not provide adequate notice to Truong prior to imposing either leave-to-file or financial sanctions, as it did not inform him, in the present proceeding, that it was considering imposing sanctions prior to imposing them. Although the district court found that Truong was on notice because another judge in the Southern District of New York had previously imposed leave-to-file sanctions, *see Vishipco Line v. Charles Schwab & Co.,* No. 02 Civ. 7823 (SHS), 2003 WL 1345229, at *9-10 (S.D.N.Y. Mar. 19, 2003), and had previously warned Truong that "any further harassing or vexatious litigation by him [would] be subject to sanction," *Vitranschart, Inc. v. Levy*, No. 00 Civ. 3618 (SHS), 2000 WL 1239081, at *11 (S.D.N.Y. Aug. 31, 2000), neither prior order notified Truong of the need to "prepare a defense" against the imposition of sanctions based on his "specific conduct" in the present proceeding, *see Schlaifer Nance & Co.*, 194 F.3d at 334. Moreover, the district court did not notify Truong of the relevant authority under which it was considering imposing sanctions. *Id.*

We also conclude that the district court's leave-to-file injunction—which bars Truong from filing any lawsuit on any claim in any court against any party without first obtaining, in writing, the express permission of the court in which he wishes to proceed—is too broad. *See*

*Bd. of Managers of 2900 Ocean Ave. Condo. v. Bronkovic*, 83 F.3d 44, 45 (2d Cir. 1996) (per curiam) ("[Filing] injunctions must be appropriately narrow."); *see also In re Martin-Trigona*, 737 F.2d 1254, 1262-63 (2d Cir. 1984).

Finally, "[i]mposition of [financial] sanctions under a court's inherent powers requires a specific finding that [a party] acted in bad faith." *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009). "Moreover, inherent-power sanctions are appropriate only if there is clear evidence that the conduct at issue is (1) entirely without color and (2) motivated by improper purposes." *Id.* "A finding of bad faith, and a finding that conduct is without color or for an improper purpose, must be supported by a high degree of specificity in the factual findings." *Id.* Additionally, "when a court awards defendants attorney's fees, it must take into account the financial circumstances of the plaintiff." *Sassower v. Field*, 973 F.2d 75, 81 (2d Cir. 1992). Here, the district court did not make a specific finding of bad faith. Moreover, although the district court explained that Truong had a history of contempt for court orders, it neither explicitly found that Truong had brought the current suit for any improper purpose nor identified the "clear evidence" of such a purpose. Furthermore, the district court did not consider, as it should have, Truong's financial circumstances when imposing attorney's fees. *See id.*

These procedural errors require us to vacate and remand the district court's order. But we leave to the sound discretion of that court the question of whether leave-to-file and monetary sanctions are appropriate here upon proper notice and an opportunity to be heard.

For the foregoing reasons, the orders of the district court are hereby **VACATED** and the proceeding is **REMANDED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk