Huafeng XU, Plaintiff,

v.

Lauren B. NEUBAUER, Sachin Mathur, and Marcy A. Demby, Defendants.

Civil No. 3:15-cv-798(AWT)

United States District Court, D. Connecticut.

Signed December 22, 2015

Huafeng Xu, Morganville, NJ, pro se.

Giovanna T. Weller, Carmody Torrance Sendak & Hennessey, LLP, Waterbury, CT, John Louis Cordani, Jr, Carmody Torrance Sandak & Hennessey, LLP, New Haven, CT, for Defendant.

## RULING ON MOTION TO DISMISS AND MOTION FOR LEAVE TO AMEND

Alvin W. Thompson, United States District Judge

The plaintiff, Huafeng Xu, brings this suit seeking injunctive and declaratory relief as well as punitive damages and all other "necessary" sanctions against Lauren B. Neubauer, Sachin Mathur, and Marcy Demby, who are all employees of Terex Corporation. (Doc. No. 1.)

The Complaint has six counts: violations of 18 U.S.C. § 1621, Fed. R. Civ. P. 4 and 5, EEOC regulations, Conn. Gen. Stat. § 53–37b and Conn. Agencies Regs. § 46a–54–16a (Count One); violations of 18 U.S.C. § 1001, Fed. R. Civ. P. 6, EEOC regulations, Conn. Gen. Stat. § 53a–48, and Conn. Agencies Regs. § 46a–54–43a (Count Two); violations of 18 U.S.C. § 241, Fed. R. Civ. P. 11, EEOC regulations, Conn. Gen. Stat. § 53a–49, and Conn.

Agencies Regs. § 46a–54–44a (Count Three); violations of 31 U.S.C. § 3731, Fed. R. Civ. P. 12, EEOC regulations, Conn. Gen. Stat. § 53a–51, and Conn. Agencies Regs. § 46a–54–56a (Count Four); violations of 28 U.S.C. § 1343, Fed. R. Civ. P. 26, EEOC regulations, Conn. Gen. Stat. § 53a–151a and Conn. Agencies Regs. § 46a–54–46a (Count Five); and violations of 42 U.S.C. § 1985,[1] Fed. R. Civ. P. 26, EEOC regulations, Conn. Gen. Stat. § 53a–156 and Conn. Agencies Regs. § 46a–54–3a (Count Six).[2]

The defendants have moved to dismiss the Complaint in its entirety for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), and the plaintiff has filed a motion for leave to amend the Complaint. For the reasons set forth below, the motion to dismiss is being granted as to all counts, and the motion for leave to amend the Complaint is being denied.

## I. FACTUAL BACKGROUND

"The complaint, which [the court] must accept as true for purposes of testing its sufficiency, alleges the following circumstances." Monsky v. Moraghan, 127 F.3d 243, 244 (2d Cir.1997).

The plaintiff's claims arise from a Connecticut Commission on Human Rights and Opportunities ("CHRO") complaint he filed against the defendants. The gravamen of the plaintiff's claims is that the defendants did not file a timely answer to his CHRO complaint and that when they were contacted by the CHRO about their answer, they unlawfully backdated their

---

1. Although the Complaint refers to 48 U.S.C. § 1985, it appears that the plaintiff intended to allege a violation of 42 U.S.C. § 1985.

2. On page 2 of the Complaint, the plaintiff alleges violations of Fed. R. Civ. P. 55, Conn. Gen. Stat. § 53a–157b, and Conn. Agencies Regs. § 46a–54–66a. However, none of these allegations appear elsewhere in the Complaint. Nonetheless, the court assesses the validity of such claims.

answer. He alleges that, in doing so, they conspired to deprive him of his civil rights.

The Complaint alleges that, on January 12, 2015, Paul Gaynor from the CHRO emailed an employee at Terex named Jennifer Fox. In his email, he notified her that Terex's answer to a CHRO complaint that had been filed by Xu was required to be filed with the Commission within 30 days and that failure to do so might result in default. Gaynor also attached an appearance form, certification of mailing, and authorization form to the email. Madeline Malave, an administrative assistant with the CHRO, then notified Fox that the specific deadline for filing an answer was February 11, 2015. Neither the plaintiff nor the CHRO received an answer by February 11, 2015. On February 13, 2015, the plaintiff contacted Malave by email to confirm that the CHRO had not received an answer from Terex. She confirmed by email that the CHRO had not received an answer from Terex and stated, "I will follow up with the respondent." (Complaint at 6.)

The plaintiff alleges that when Malave contacted Terex on February 13, 2105, she "coached" the defendants to impermissibly backdate their response. (Id. at 7.) Xu alleges the following specific acts of wrongdoing on the part of each defendant. First, as to defendant Neubauer, he alleges that she initially dated her response to the CHRO February 12, 2015 and then changed it, by hand, to February 11, 2015, as part of a "cover-up." (Id. at 8.) He also alleges that defendant Neubauer "asked Marcy A. Demby to make an oath with Sachin Mathur to fake his Response to the Affidavit of Illegal Discriminatory Practice by simply [swearing] to February 11, 2015!" (Id. at 8.) He alleges that both defendant Demby and defendant Mathur signed documents without dating them in order to cover-up the fact that they were signing them after February 11. The plain-

tiff alleges that in doing so, defendants Demby and Mathur "made a perjury Oath." (Id. at 8.) He also alleges that defendant Mathur "perjured his notary as February 11, 2015" and "made a false statement to the CHRO and EEOC." (Id. at 7.)

Additionally, the plaintiff alleges that when defendant Neubauer ultimately emailed defendant Demby on February 13, 2015, instructing him to submit the response package, she "intentionally used a reply to Marcy Demby as dated on February 11, 2015 . . . and made an illusion that all their response package had been prepared ready on February 11, 2015!" (Id. at 8.) The plaintiff alleges that after the package was sent, defendant Neubauer then spoke with Malave later that afternoon to confirm that they had accomplished "their Make-It-Up Mission." (Id. at 8.)

The plaintiff alleges that he received Terex's "made-up Response" on February 16, 2015. (Id. at 6.) He alleges that defendant Neubauer requested this be sent without a certification of mailing. (Id. at 8.)

## II. LEGAL STANDARD

When deciding a motion to dismiss under Fed. R. Civ. P. Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), citing Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)(on a motion to dismiss, courts "are

not bound to accept as true a legal conclusion couched as a factual allegation"). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(quoting Twombly, 550 U.S. at 557, 127 S.Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). However, the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Id. at 1974. "The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" Mytych v. May Dept. Store Co., 34 F.Supp.2d 130, 131 (D.Conn. 1999), quoting Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir.1984). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims." United States v. Yale New Haven Hosp., 727 F.Supp. 784, 786 (D.Conn.1990) (citing Scheuer, 416 U.S. at 232, 94 S.Ct. 1683).

In its review of a motion to dismiss for failure to state a claim, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transport Local 504, 992 F.2d 12, 15 (2d Cir.1993).

When considering the sufficiency of the allegations in a pro se complaint, the court applies "less stringent standards than [those applied to] formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); see also Branham v. Meachum, 77 F.3d 626, 628–29 (2d Cir.

1996). Furthermore, the court should interpret the plaintiff's complaint "to raise the strongest arguments [it] suggest[s]." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir.1994).

## III. DISCUSSION

In his six-count Complaint, the defendant alleges violation of 28 statutes, procedural rules, and regulations. The defendants argue that only one of these statutes, rules, and regulations, 42 U.S.C. § 1985, provides a private right of action and that the plaintiff has failed to allege the essential elements for a § 1985 claim. The court agrees.

### A. No Private Right of Action

A court may properly dismiss a Complaint pursuant to Fed. R. Civ. P. 12(b)(6) if it is based on statutes or regulations that do not provide a private right of action.

■ With respect to federal law,

The Supreme Court has established that courts must look to the intent of Congress in determining whether a federal private right of action exists for violations of a federal statute. "Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress." Alexander v. Sandoval, 532 U.S. 275, 286, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001). Without congressional intent, "a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." Id. at 286–87, 121 S.Ct. 1511. Determining congressional intent to create a right of action is therefore a matter of statutory interpretation. Olmsted v. Pruco Life Ins. Co. of New Jersey, 283 F.3d 429, 432 (2d Cir.2002). If the text and the structure of the statute do not provide a private right of action, a court "cannot ordinarily conclude that

Congress intended to create a right of action when none was explicitly provided." Id.

■ With respect to state law, it is a "well settled fundamental premise that there exists a presumption in Connecticut that private enforcement does not exist unless expressly provided in a statute." Provencher v. Town of Enfield, 284 Conn. 772, 777, 936 A.2d 625 (2007).

> In order to overcome that presumption, the plaintiff bears the burden of demonstrating that such an action is created implicitly in the statute. "In determining whether a private remedy is implicit in a statute not expressly providing one, several factors are relevant. First, is the plaintiff one of the class for whose ... benefit the statute was enacted ...? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? ... Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff?"

Id. at 777–78, 936 A.2d 625 (citations omitted). The test for an implied cause of action is "stringent." Id. at 779–780, 936 A.2d 625 ("The stringency of the test is reflected the fact that since this court [formulated the test in 1996], [it has] not recognized an implied cause of action despite numerous requests. ... [I]t is a rare occasion that the [court] will be persuaded that the legislature intended to create something as significant as a private right of action but chose not to express such an intent in the statute."). The plaintiff has not alleged that there is an implied cause of action in any of the statutes under which he has bought a claim.

### 1. Criminal Statutes

■ The plaintiff alleges violation of the following federal criminal statutes: 18 U.S.C. § 241 (conspiracy), § 1001 (false statement), and § 1621 (perjury). He also alleges violation of the following Connecticut criminal statutes: Conn. Gen. Stat. § 53–37(b) (ridicule on account of creed, religion, color, denomination, nationality or race), § 53a–48 (conspiracy), § 53a–49 (criminal attempt), § 53a–51 (classification of attempt and conspiracy), § 53a–151a (intimidating a witness), § 53a–156 (perjury), § 53a–157b (false statement). Federal criminal statutes do not provide private rights of action. See e.g., Connecticut Action Now, Inc. v. Roberts Plating Co., 457 F.2d 81, 86–87 (2d Cir.1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not ... by private complaints."); Sheehy v. Brown, 335 Fed.Appx. 102, 104 (2d Cir.2009) ("federal criminal statutes do not provide private causes of action"). Similarly, Connecticut criminal laws do not provide private rights of action. See e.g., Desmond v. Yale–New Haven Hospital, 138 Conn.App. 93, 98, 50 A.3d 910 (2012) ("Violations of § 31–290c, a criminal statute, may be prosecuted by the state's attorney, not by private individuals. ... § 31–290c does not afford the plaintiff a private right of action.")

Because none of the criminal statutes cited by the plaintiff provide private rights of action, these claims are being dismissed for failure to state a claim upon which relief can be granted.

### 2. Federal Rules of Civil Procedure

■ The plaintiff alleges violation of Fed. R. Civ. P. 4, 5, 6, 11, 12, 26, and 55. As procedural rules, the Federal Rules of Civil Procedure do not create a private right of action. See In re Baldwin–United Corp., 770 F.2d 328, 335 (2d Cir.1985) (Fed R. Civ. P. 23(d) "is a rule of procedure and creates no substantive rights or remedies enforceable in federal court."). Accordingly, the plaintiff's claims based on alleged violations of the Federal Rules of Civil Procedure are being dismissed for failure

to state a claim upon which relief can be granted.

### 3. CHRO/EEOC Procedural Rules

The plaintiff alleges violations of the following CHRO regulations: Conn. Agencies Regs. § 46a–54–16a (setting forth procedures for appearances), § 46a–54–43a (setting forth procedures for answering complaint), § 46a–54–44a (setting forth procedures for filing and serving an answer and other pleadings), § 46a–54–46a (providing for default for failure to answer), § 46a–54–56a (providing for mandatory mediation sessions), § 46a–54–3a (setting forth the purpose and function of the CHRO and stating that the rules contained in the current edition of Robert's Rules of Order Newly Revised shall govern in cases to which they are applicable and not inconsistent with § 46a–54–1a to § 46a–54–98a), and § 46a–54–66a (setting forth the procedure for the CHRO to release jurisdiction to the Superior Court).

■ None of these regulations, or any other related CHRO regulation, provides a private right of action for violation of these regulations. Rather, the identified regulations are merely procedural rules. Because the plaintiff cannot bring a private action against the defendants for violations of CHRO regulations, these claims are being dismissed for failure to state a claim upon which relief can be granted.

The plaintiff also alleges violation of "all EEOC corresponding Regulations and Procedures." However, he does not identify any particular EEOC regulations or procedures that were violated. According-

ly, these claims are also being dismissed for failure to state a claim upon which relief can be granted.

### 4. 28 U.S.C. § 1343

■ The plaintiff has alleged violation of 28 U.S.C. § 1343. Section 1343 is a jurisdictional statute giving federal district courts original jurisdiction over cases to recover damages under 42 U.S.C. § 1985 and other civil rights statutes. It is merely a jurisdictional statute and is not itself the basis for any cause of action. Accordingly, the plaintiff's claim is being dismissed for failure to state a claim upon which relief can be granted.

### 5. 31 U.S.C. § 3731

■ The plaintiff alleges violation of 31 U.S.C. § 3731. Section 3731 is a procedural statute outlining the procedure for bringing a False Claims Act claim pursuant to 31 U.S.C. § 3730. It is not itself a basis for any cause of action.

Even when the court construes the plaintiff's pro se Complaint as alleging a § 3730 claim, it nonetheless fails to state a claim upon which relief can be granted. Section 3730 confers a private right of action for a person to bring "a civil action for violation of § 3729 for the person and for the United States Government." 31 U.S.C. § 3730(b). To state a § 3730 claim, a plaintiff must allege that the defendant "(1) made a claim, (2) to the United States government, (3) that is false or fraudulent, (4) knowing of its falsity, and (5) seeking payment from the federal treasury." Mikes v. Straus, 274 F.3d 687, 695 (2d Cir.2001) (emphasis added).[3] Xu only alleg-

---

**3.** A 2009 Amendment to the False Claims Act added a requirement that the false statements be material, see U.S. ex rel. Feldman v. van Gorp, 697 F.3d 78, 86 (2d Cir.2012) ("The False Claims Act prohibits a person from 'knowingly present[ing], or caus[ing] to be presented, [to an officer or employee of the United States Government,] false or fraudu- lent claims for payment or approval.' Liability under the Act also requires a showing of materiality." (quoting 31 U.S.C. § 3729(a)(1)(A)) (alterations in original)), but it did not change the fact that the alleged false claim must be made to the federal government.

es false statements made to the CHRO, a Connecticut agency, and, in addition, does not allege that any defendant made a claim requesting payment from the federal treasury. Thus, he has failed to state a claim under the False Claims Act.

### B. 42 U.S.C. § 1985

■ There are three parts to 42 U.S.C. § 1985. Because the plaintiff describes his § 1985 claim as "Conspiracy/Deprivation of Civil Rights" (Complaint at 2), the court construes his claim as one under § 1985(3), which prohibits a conspiracy to deprive a person of his or her civil rights.

A conspiracy claim under Section 1985(3) has four elements: "(1) a conspiracy, (2) for the purpose of depriving any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws, (3) an act in furtherance of the conspiracy, and (4) whereby a person is injured in his person or property or deprived of a right or privilege of a citizen." In addition, this claim requires that "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Turkmen v. Hasty, 789 F.3d 218, 262 (2d Cir.2015) (citations omitted).

■ The plaintiff has failed to allege facts sufficient to state a § 1985 claim. Because the plaintiff filed a complaint with the CHRO, the court assumes arguendo that he is in a protected class. However, he has not alleged sufficient facts to support an inference that the defendants acted "for the purpose of depriving [him] of the equal protection of the laws or of equal privileges and immunities under the laws" or with "invidiously discriminatory animus." Nor has he alleged facts sufficient to state a claim that he was injured in his person or property or "deprive[d] of a right or privilege of a citizen." To the extent that the plaintiff alleges an injury, it is that the

defendants did not file a timely response and that he was deprived of a default being entered against the defendants. However, the plaintiff has no right to an order of default the deprivation of which would result in an actionable injury. Conn. Agencies Regs. § 46a–54–46a provides that "[t]he executive director may enter an order of default against a respondent who, after notice, fails to answer a complaint in accordance with section 46a–83(a) of the Connecticut General Statutes . . ." Id. (emphasis added). The statute and regulations do not confer a right to an order of default if the answer is not timely filed. Accordingly, the plaintiff cannot allege that he has been deprived of "a right or privilege of a citizen."

Additionally, even if the plaintiff were able to adequately allege an injury, he has failed to allege facts sufficient to support a finding that the defendants acted "for the purpose" of depriving him of his equal rights, privileges, or immunities. Even accepting as true for purposes of this motion that the Terex defendants back-dated their response, the only reasonable inference from the facts alleged in the Complaint is that they did so in order to avoid entry of a default against them, not to deprive the plaintiff of his rights or because they had "invidiously discriminatory animus" towards the plaintiff.

Accordingly, the § 1985 claim is being dismissed for failure to state a claim upon which relief can be granted.

### IV. Motion to Amend

On July 15, 2015, the plaintiff filed a Motion to File Amended Complaint. (Doc. No. 12.) In his proposed amended complaint ("Amended Complaint"), the plaintiff proposes to eliminate his claims alleging violation of the following statutes and rules: 18 U.S.C. §§ 1001 and 1621, all Connecticut General Statutes, and Fed. R. Civ.

P. 26.[4] He proposes to add claims alleging violation of the following statutes: 28 U.S.C. § 1332 and 31 U.S.C. § 3729. He also enumerates the particular parts and subparts of the Federal Rules that he alleges have been violated. Instead of alleging violation of Fed. R. Civ. P. 5, 6, 11, 12, 26, and 55, he alleges violation of Fed. R. Civ. P. 5(a)(1) and (2),(b) and (d); 6(a); 11(a),(b) and (c); 12(a) and 55(a).

The defendants oppose the plaintiff's motion to amend the Complaint on grounds of futility.

"Generally, leave to amend should be freely given, and a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim." Matima v. Celli, 228 F.3d 68, 81 (2d Cir.2000) (internal quotation marks and citation omitted). "A pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir.2010). However, "leave to amend a complaint may be denied when amendment would be futile." Tocker v. Philip Morris Cos., 470 F.3d 481, 491 (2d Cir.2006).

Nielsen v. Rabin, 746 F.3d 58, 62 (2d Cir. 2014).

■■■ The plaintiff's proposed Amended Complaint contains claims under two additional statutes, neither of which provides a private right of action. His first new claim alleges violation of 28 U.S.C. § 1332. Section 1332 is a jurisdictional statute providing the federal district courts with original jurisdiction over diversity cases. It does not provide a private right of action.

His second new claim alleges violation of 31 U.S.C. § 3729. Section 3729 prohibits any person from making false or fraudulent claims to the federal government. However, as discussed above, it is section 3730 that provides a private right of action for violation of section 3729. As is also discussed above, even if the court construes the claim as one brought under § 3730, the plaintiff does not allege adequate facts to state a § 3730 claim.

Finally, though the plaintiff provides more specificity regarding his claims alleging violation of the Federal Rules of Civil Procedure, those Rules do not provide private rights of action. Therefore, he still cannot bring a claim alleging violation of the Federal Rules of Civil Procedure.

Because a liberal reading of the Amended Complaint does not give any indication that a valid claim might be stated, the plaintiff's Motion to File Amended Complaint is being denied.

## V. CONCLUSION

For the reasons set forth above, the defendants' Motion to Dismiss (Doc. No. 10) is hereby GRANTED, and the plaintiff's Motion to File Amended Complaint (Doc. No. 12) is hereby DENIED.

The Clerk shall close this case.

It is so ordered.

---

**4.** On page 2 of the Amended Complaint, the plaintiff alleges violation of Conn. Agencies Regs. § 46–54–66a. However, this claim does not appear elsewhere in the proposed Amended Complaint. Nonetheless, the court considers its validity.